◼ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID MALONE, Appellant, v. W. CECIL JOHNSTON as Superintendent of Matteawan State Hospital, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, dated April 23, 1971, which dismissed the writ, *nunc pro tunc,* upon a decision dated November 6, 1970. On this court's own motion, the notice of appeal is amended so as to indicate the correct date of the judgment, i.e., April 23, 1971. Judgment affirmed, with-

out costs. A defendant will not be allowed to stand trial on the charges against him if the court is of the opinion that he is in "such state of idiocy, imbecility or insanity as to be incapable of understanding the charge against him or the proceedings or of making his defense" (Code Crim. Pro., § 662-b, subd. 1). He must be able both to comprehend the charge and to co-operate in making his defense (*People ex rel. Fazio* v. *McNeill,* 4 A D 2d 686). As the relator in a habeas corpus proceeding he has the burden of establishing this (*People ex rel. Van Newkirk* v. *McNeill,* 286 App. Div. 875, lv. to app. den. 309 N. Y. 1031, cert. den. 352 U. S. 1007). A court-appointed independent psychiatrist, after studying relator's history and examining him for about 45 minutes, testified at the hearing that relator understood the charges against him and could assist counsel in his defense. A psychiatrist on the staff of Matteawan State Hospital, relator's treating physician since 1967, had observed him daily and had spoken to him often. He agreed that relator understood the charges against him, but stated, "David [relator], with medical certainty, will not be able to take the stress of the trial, criminal trial, at the present time." Although the staff psychiatrist did not use the precise language of the statute, it is clear he did not believe relator was capable of making his defense. Two reputable psychiatrists had conflicting opinions as to the mental condition of relator. It is also significant that relator had twice been discharged to court following his initial commitment to Matteawan and, in each instance, he had suffered a breakdown before any trial could be commenced. On both occasions, he was returned to Matteawan in considerably worse condition than when he left. In the last analysis, the responsibility of decision was with the hearing court (*People ex rel. Butler* v. *McNeill,* 30 Misc 2d 722). It had the advantage of seeing and hearing relator and the other witnesses. In our opinion, Special Term did not improvidently exercise its discretion in finding that relator was not yet capable of "making his defense". Hopkins, Martuscello and Christ, JJ., concur; Shapiro, J., dissents and votes to reverse the judgment, to sustain the writ and to direct that relator be brought to trial, with the following memorandum, in which Rabin, P. J., concurs: I am of the opinion that relator has sustained his burden of establishing that he is competent to stand trial (see Code Crim. Pro., § 662-b). The court-appointed independent psychiatrist and a psychiatrist on the staff of Matteawan State Hospital both agreed that relator understood the nature of the charges against him. The independent psychiatrist was of the opinion that relator was able to assist counsel in his defense. His opinion was buttressed by relator's lucid testimony. The staff psychiatrist's fear, which might or might not eventuate, that relator would be unable to withstand the stress of a criminal trial should not, in these circumstances, deprive relator of his constitutional right to trial, particularly in view of the fact that this witness did not state that relator was unable to confer with counsel or assist in his defense (cf. *People ex rel. Fazio* v. *McNeill,* 4 A D 2d 686).