Howard E. Goldflhss, J.
Trial by jury is vested and inalienable. Section 2 of article III of the United States Constitution, the Sixth Amendment, and section 2 of article I of the New York State Constitution all leave no doubt as to this absolute right accruing to the defendant. The issue raised herein is the defendant’s right to waive a jury trial, assuming the waiver is knowledgeable and made in good faith, and whether that right is similarly vested and absolute. As to the latter, there seems to be diversity of legal opinion and some degree of doubt.
The defendant Natale Pasaro moves to waive trial by jury and proceed to trial before a Judge. He is one of three defendants who are charged with violation of section 155.25 of the Penal Law in that he, together with the other two defendants, allegedly stole property from the complainants.
The other two codefendants demand jury trial, and since the maximum time of imprisonment to which these defendants may be sentenced is one year, they are entitled to this jury trial as a matter of constitutional right (art. I, § 2). But the same section conditions a waiver of this right: “ A jury trial may be waived by the defendant in all criminal cases, except those in which the crime charged may be punishable by death, by a written instrument signed by the defendant in person in open court before and with the approval of a judge or justice of a court having jurisdiction to try the offense.
The People urge the court to disapprove the waiver. Their argument is: (1) That the People will be put to their proof twice although all of the allegations, complainants, witnesses *505 and defendants are the same; and (2) That snch a burden will give the defendant or defendants tried secondly an unfair, procedural advantage.
The defendant Pasaro, on the other hand, seeks approval of the waiver because he states that he has a constitutionally derived right to choose the method of his trial, and that the mere exercising of such right is not an indication of an intent to secure such ££ unfair procedural advantage.”
CPL 320.10 (subd. 2) refers to jury trial waiver, as follows: ££ Such waiver must be in writing and must be signed by the defendant in person in open court in the presence of the court, and with the approval of the court. The court must approve the execution and submission of such waiver unless it determines that it is tendered as a strata gem to procure an otherwise impermissible procedural advantage or that the defendant is not fully aware of the consequences of the choice he is making.” (Italics supplied.)
It appears, therefore, that the State Constitution (art. I, § 2) and CPL 320.10 (subd. 2) rely upon the court’s judicial discretion for approval. Although its abuse is always reviewable, the word ££ approval ” gives the court’s expression of judicial discretion a context of finality. The Court of Appeals commented in a dissenting opinion of Chief Judge Desmond on the clarity of the jury waiver provision when it described approval as £ £ indeed a plain clear word which should be immune from nuances and glosses.” (People v. Duchin, 12 N Y 2d 351, 354; People v. Carroll, 3 N Y 2d 686.)
The waiver of jury is a relatively modern concept. In thirteenth century England, as provided in Statute of Westminster 1(3 Edw. I, ch. 12 [1275]) the shoe was on the oiher foot. The defendant’s consent was necessary before he could be subjected to a jury trial. The ££ consent ” required was somewhat different from the present understanding of the word, because the statute provided that refusal to stand to the common law of the land initiated the practice of peine forte et dure by which defendants were tortured until death or until their consent was obtained. This preliminary was done away with in the enactment of a statute (7 and 8 Geo. 4, ch. 28 [1827]) which mandated a jury trial for those who stood moot, and no option was provided for waiver of jury. Did our founding father delegates at the Constitutional Convention contemplate such waiver? This cannot easily be determined because ££ trial of all Crimes * * * shall be by Jury ” (U. S. Const., article III, § 2) was intended to prevent governmental oppression of the accused. *506 At least one of the framers thought it to be the exclusive method of trial (see The Federalist, No. 83, Alexander Hamilton Cooke ed. 1961).
Subdivision (a) of rule 23 of the Federal Rules of Criminal Procedure (U. S. Code, tit. 18, Appendix) states: “Trial by jury. Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government.” In Singer v. United States (380 U. S. 24), the petitioner challenged subdivision (a) of rule 23 by arguing the following:
1. Article III, section 2, of the Sixth Amendment of the Constitution of the United States gave him in a criminal case of Federal jurisdiction the right to waive a jury trial whenever he believes such action to 'be in his best interest, regardless of whether the prosecution and the court are willing to acquiesce in the waiver.
2. The right of waiver of other constitutional rights without the consent of the Government, impliedly gives him this right, as well.
3. The Fifth, Sixth, Ninth and Tenth Amendments are violated by placing conditions on the ability to waive a trial by jury.
In Singer (supra, p. 26) the Supreme Court rejected these arguments, stating: “ There is no indication that the colonists considered the ability to waive a jury trial to be of equal importance to the right to demand one.” The court concluded that ■the ability to waive constitutional rights does not ordinarily carry with it the right to insist upon the opposite of such rights. The court stated (p. 36): “A defendant’s only constitutional right concerning the method of trial is to an impartial trial by jury. We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury — the very thing that the Constitution guarantees him.”
It is obvious, therefore, that New York State has deliberately taken another route. The language of section 2 of article I of the New York State Constitution and CPL 320.10 does not provide for the consent of the prosecutor. And CPL 320.10 states clearly that the Judge “ must ” approve the waiver unless it is a stratagem to obtain an ur."air advantage. The Court of Appeals has been sharply divide 1 on this question of the court’s discretion in approving or disapproving the waiver. In People v. Duchin (12 N Y 2d 351), In a 4 to 3 decision, the court reversed a conviction when the Trial Judge refused approval. Judge *507 Fuld, in writing for the majority, stated (p. 353): “ An accused who admits his guilt, and does so with full appreciation of his act, may not be compelled to stand trial against his will. And, if this be so, certainly, a defendant may not be forced to a trial before a jury if it sufficiently appears that his election to be tried without one was made knowingly, and understandingly, based on an intelligent, informed judgment.”
The District Attorney, in his ‘brief, relies strongly on the additional language of Judge Fuld in People v. Duchin (supra), in that the waiver must be tendered in good faith and is not a stratagem to procure an otherwise impermissible procedural advantage such as, for instance, a separate trial on an indictment involving several defendants jointly charged with the commission of a crime (and quoting People v. Diaz, 10 A D 2d 80, affd. 8 N Y 2d 1061).
But in a sharp dissent, Chief Judge Desmond took the position that if the court in Duchin was to be consistent with its decision in Dias, then it must leave the lower court’s determination of disapproval of the waiver undisturbed. Although he was arguing the contrary point, namely, that the lower court’s disapproval should have been upheld, the language Chief Judge Desmond uses is helpful to this court. When referring to the finality of the “ approval ” of the Judge, he states (p. 354): “To the voters who ‘ approved ’ the new Constitution these words must have meant just what they said. ‘ Approval ’ of the waiver had the same meaning as “ approval ” (N. Y. Const, art. XIX, §§ 2, 3) of constitutional amendments themselves. ‘ Approval ’ in all these instances means a final vote or choice one way or the other, not a reviewable decision. ‘ Approval ’ is not a step or stage in a judicial process but is a certificate of acceptability, a final expression of favorable view produced by independent judgment and subject to no limitation (Matter of City of New York [East 177th St.], 239 N. Y. 119,130 Matter of Broderick v. City of New York, 295 N. Y. 363, 371; and see Webster’s Third International Dictionary.) ”
Although all judicial discretion is reversible if abused, the discretion in this instance appears to give the court extraordinary latitude because of the finality concept inherent in approval, as defined by Chief Judge Desmond. Judicial discretion in this case, as in all others, must rest on equitable balance. If the waiver is granted as to one, the severance, which would naturally follow, would place an extra burden upon the People and they urge the court to disapprove the *508 waiver based upon People v. Diaz (supra) which they claim is on all fours with this case, especially since Judge Fuld, in Duehin refers to the Dias situation as a circumstance which merits disapproval. The People further allege that approval of the waiver in this identical situation gives the defendant an “ impermissible advantage.” But the statute (GPL 310.20) requires an additional factor, namely, the intent to use the waiver as a “ stratagem.” The word “ stratagem ” is pivotal. Let us assume that two of the defendants in this case sought to waive the jury, and the third insisted that he be tried by jury. Could the latter’s request be a stratagem? Undoubtedly, it could be, but it is a permissible one. Why, then, under the facts herein, without evidence of a corrupt agreement between the three, or some other evidence which clearly demonstrates that the application for waiver by one is taken for the sole purpose of giving one an unequal procedural advantage, must this waiver be considered a stratagem which invites instant condemnation?
The People argue that the mere request by the defendant Pasaro indicates that he seeks an impermissible procedural advantage because the natural result is a severance and the People would be compelled to present their proof in two trials. With this the court cannot agree. Our law permits severances and justice is not necessarily frustrated because cases are severed. Nor can this court agree that Judge Fuld, in Duehin (12 N Y 2d 351, supra) unequivocally states that in a situation such as this, the application for waiver must be disapproved. What Judge Fuld does, in the opinion of this court, is that he gives this as an example which may call for disapproval, but he leaves the question of good faith (p. 353) to “ the satisfaction of the judge of the court having jurisdiction ”. And it is interesting to note that the requirement that the Judge must give his approval to the waiver was intended, in the words of Judge Sears, the proponent of the proposal at the Constitutional Convention, solely to “ assure [the defendant] full opportunity to understand what he is doing ” (Revised Record, Const. Conv. of 1938, Vol. II, p. 1274, pp. 1276-1286).
There is no question that the defendant is fully aware of what he is doing in this case. His counsel avidly pursues the waiver in his application.
The defendant faces a trial for a criminal act which, upon conviction, could result in his incarceration. The consequences of such result will affect his life but in addition, will affect those who depend upon him, both economically and emotionally. These *509 consequences are far-reaching and cataclysmic. Of all rights protected 'by the Constitution, liberty is the most precious; and this court cannot conceive of anything more valuable. If he chooses to be tried without a jury after he has intelligently considered the alternative, he should not he denied this request solely by reason of the happenstance that he is charged jointly with two others. If the burden of the prosecutor is increased by this severance, it is no doubt a factor to be considered in the application of the Judge’s discretion. But as stated, discretion encompasses balancing. There is nothing inherent in an application of this nature under these circumstances which should, per se, shock the conscience of the court. The defendant’s right to choose his mode of trial outweighs, in the opinion of this court, the prosecutor’s additional burden.
Motion to waive jury trial is granted, upon execution by the defendant of the waiver.