■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN STEVEN MEACHEM, Appellant.—Appeal from a judgment of the County Court of the County of Essex, entered May 7, 1975, convicting defendant, upon his plea of guilty, of the crime of robbery in the second degree in violation of section 160.10 (subd 2, par [a]) of the Penal Law. Defendant was arrested, with others, on January 25, 1975 and charged with the crime of robbery in the first degree. On the same date he was arraigned before a Town Justice and was committed to the Essex County Jail without bail to await assignment of counsel and a preliminary hearing. No record or transcript of the arraignment proceedings was taken. Counsel was appointed on January 27 and on February 6 defendant waived his right to a preliminary hearing. On February 12, the Essex County Supreme Court Grand Jury returned an indictment against defendant and two others, charging them with two counts of burglary in the first degree, two counts of robbery in the first degree, and two counts of robbery in the second degree. On the same date the indictment was removed to the Essex County Court where defendant was arraigned on February 19 at which time he entered a plea of not guilty and bail was set at $15,000. On March 26 defendant voluntarily entered a plea of guilty to the crime of robbery in the second degree. Following the submission of a presentence report, defendant was sentenced on May 7 to an indeterminate term of 10 years. On appeal defendant argues that prejudicial error was committed by the failure of the Town Justice Court to keep a record of the arraignment proceedings and also by the failure of the court to keep a record of the instructions to the Grand Jury. Defendant urges also that the sentence imposed was excessive. CPL 180.10 (subd 2) provides that a defendant has a right to a prompt hearing which right may be waived, and subdivision 3 provides that a defendant has a right to counsel at arraignment and to assignment of counsel if he is financially unable to retain an attorney. Counsel was assigned two days after the arrest and defendant then waived a preliminary hearing on the advice of counsel. Defendant does not allege and there is no indication that he knowingly or unknowingly waived any rights or that he entered a plea of guilty at his arraignment in Justice Court. In any event, a plea of not guilty was entered to the indictment on February 19, 1975 when defendant was arraigned in County Court. The proceedings in Justice Court were superseded by the return of the indictment and the proceedings thereunder and, in any event, any error committed by the Justice Court in not making a transcript of the arraignment in that court would not be sufficient to invalidate the later proceedings on the indictment *(People v Tornetto,* 16 NY2d 902; *People v Winch,* 50 AD2d 948; See, also, *People v Crimmins,* 36 NY2d 230). Defendant,

by his plea of guilty after indictment, waived objection to all nonjurisdictional defects in any prior state of the proceeding except those which go to the validity of the plea itself. In any event, absent a showing of an impairment of the Grand Jury's integrity and a possibility of prejudice to the defendant, the fact that instructions to that body were not recorded will not compel dismissal of an indictment *(People v Rallo,* 46 AD2d 518; *People v Percy,* 45 AD2d 284). Defendant's contention that the sentence imposed was excessive is without merit. Judgment affirmed. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.