■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT F. CARL, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered July 30, 1976, convicting defendant upon his plea of guilty of the crime of burglary in the third degree and attempted burglary in the third degree. The defendant was charged with criminal activity in a six-count indictment. At the request of his assigned counsel a hearing was held to determine whether he was an incapacitated person and, therefore, unfit to stand trial (see CPL 730.30). The trial court found the defendant was not incapacitated and after other pretrial proceedings were held, accepted a plea of guilty to two charges in full satisfaction of the indictment. The defendant upon this appeal questions the propriety of the proceedings regarding his competency and contends that the trial court erred in finding he was competent to stand trial. An incapacitated person "means a defendant who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense." (CPL 730.10, subd 1.) Three psychiatrists and a psychologist testified at the hearing, all of whom agreed that the defendant understood the proceedings. However, two of the psychiatrists, Drs. Kahn and Nagy, thought the defendant was under such paranoid schizophrenic delusions that he believed his lawyer, or any lawyer, was a party to the general plot against him. This mistrust of his lawyer, in the opinion of Drs. Kahn and Nagy, would prevent the defendant from assisting in his own defense. The third psychiatrist, Dr. Anderson, thought the defendant was not schizophrenic and could assist in his defense. Dr. Anderson specifically stated that the defendant had deliberately given false answers to simple questions in order to feign insanity and that the defendant in fact had the power of will to co-operate with a questioner, such as a lawyer, if he wished. Because of the conflicting psychiatric testimony, the court assigned Dr. Besserman, a psychologist specially trained in test-giving, to examine the defendant. The tests indicated that although the defendant might be emotionally disturbed, he was not psychotic and could assist in making a defense. The People must prove capacity to stand trial by a mere preponderance of the evidence *(People v Santos,* 43 AD2d 73). The testimony of Dr. Anderson is extensive, convincing and not shaken on cross-examination. The hearing court had the opportunity in person to evaluate the expert witnesses and, most important, assess the defendant's manner and behavior. Without any objective proof of incapacity, such as prior clearly irrational actions by the defendant, we rely heavily on the perception of the hearing court and therefore affirm its determination of capacity (cf. *People ex rel. Malone v Johnston,* 37 AD2d 585). The defendant also contends that the judgment must be vacated because the trial court erred in denying his motion for permission to proceed *pro se* (cf. *People v McIntyre,* 36 NY2d 10, 17). At a pretrial proceeding held on June 9, 1976, involving the admissibility of statements previously made by the defendant, assigned counsel advised the court that the defendant wished to discharge the Public

Defender as counsel. The defendant in response to a question by the court, stated as follows: "I wish to dismiss the Public Defender's Office as defense counsel, and have the Public Defender's Office assigned in an advisory capacity only simply for legal advice and nothing else." The trial court in response to the defendant's request stated: "I am not going to allow you to dismiss the Public Defender as counsel in this case, but I will, from time to time, during the course of the proceedings allow you to make applications to this court in reference to this case, and this Indictment, so I have clarified that on the record." After the foregoing discussion, the court in further proceedings on June 9, 1976, did in fact permit the defendant to personally move for a continuance of the *Huntley* hearing for the purpose of presenting particular evidence. The court denied the defendant's request and the defendant, personally, excepted to the ruling. On June 25, 1976, assigned counsel advised the trial court that the defendant wished to enter a guilty plea in accordance with plea bargaining which had taken place. The court extensively questioned the defendant as to whether or not he understood the meaning of a guilty plea and personally wished to enter such a plea. The defendant did not raise any issue as to representation and voluntarily entered his plea. While it is well established that a defendant has a constitutional right to personally conduct his defense and that a trial court must honor such a right under certain conditions not here applicable *(People v McIntyre, supra,* p 17), the defendant did not go to trial and thus, no actual defense was presented. The defendant herein personally confirmed his plea of guilty and acceptance of the offer of the People. There is no showing of any prejudice and upon this record there has been no violation of any constitutional right of the defendant in the pretrial proceedings. The defendant's final contention that the trial court denied his right to due process in the hearing related to a consideration of a prior conviction and his status as a second felony offender is without any substantial merit. Judgment affirmed. Sweeney, J. P., Kane and Herlihy, JJ., concur; Mahoney and Main, JJ., dissent and vote to reverse in the following memorandum by Mahoney, J. Mahoney, J. (dissenting). After the defendant was found competent to stand trial, he sought to dismiss his court-appointed lawyer and undertake his own defense (see CPL 210.15, subd 5). The court refused noting that the defendant had filed a notice pursuant to section 30.05 of the Penal Law of his intention to rely on an insanity defense and that up until the time of the motion to proceed *pro se* had asserted his own incompetence. Thus, the defendant was found competent to stand trial but incompetent to proceed *pro se.* We agree with the majority that the County Court was justified in finding the defendant competent to stand trial, but we cannot agree that it was proper to refuse to let the defendant conduct his own defense. The decision in *People v Reason* (37 NY2d 351) establishes that a finding of competence to stand trial *ipso facto* determines that the defendant is competent to waive his right to counsel and exercise his right to proceed *pro se.* Since none of the limitations on the right appears to be present in this case (see *People v McIntyre,* 36 NY2d 10, 17), the defendant should be allowed to go to trial *pro se.* The majority suggests that by pleading guilty the defendant waived the right to contest on appeal the propriety of the denial of the *pro se* motion. It may, as a general rule, be true that nonjurisdictional defects are waived by a guilty plea. *(People v Santiago,* 51 AD2d 1, 7; *People v Meachem,* 50 AD2d 953, 954; Pitler, New York Criminal Practice Under the CPL, § 9.11, p 205 [1976 Suppl].) But, there is clearly no waiver when the decision on the pretrial motion may have affected "the validity of the plea itself" *(People v Meachem, supra).* "Where * * * a

substantial contention is raised* as to the voluntariness of the guilty plea because of the pretrial order, there is no question but the defendant has standing to appeal (see *People v. White,* 32 N Y 2d 393, 399)." *(People v Francabandera,* 33 NY2d 429, 434, n 2.) Whether the pretrial order coerced the plea depends, in large part, on the nature of the right which was unsuccessfully asserted in the motion (Pitler, n 93.5). Although the relation between the right denied and the voluntariness of the plea is not always clearly explained, it has been determined that certain rights (in addition to those involving jurisdiction) may be reasserted on appeal despite a guilty plea (see CPL 710.20, subd 2 and 710.20 [motions to suppress confessions, pretrial identifications, or tangible evidence]; *Menna v New York,* 423 US 61, revg 36 NY2d 930 [double jeopardy (but suggesting that in this case double jeopardy constitutes jurisdictional limitation)]; *People v Armlin,* 37 NY2d 167 and *People v Francabandera, supra* [incompetence to stand trial]; *People v Blakely,* 34 NY2d 311 [speedy trial]; *People v Daneff,* 30 NY2d 793, mot to amend remittitur granted 31 NY2d 667 [constitutionality of penal statute under which defendant charged], cert den 410 US 913; but, see, *People v La Ruffa,* 37 NY2d 58 [double jeopardy defense waived by guilty plea], cert den 423 US 917; *People v Williams,* 36 NY2d 829 [express waiver in plea bargain of right to appeal order refusing to suppress confession given effect], cert den 423 US 873; *People v Esajerre,* 35 NY2d 463 [withdrawal of suppression motion as condition of plea bargain given effect to preclude appellate review of search and seizure]). Certain other rights have been held to be waived *(People v Lowell,* 29 NY2d 503 [failure to corroborate confession]; *People v La Barth,* 19 NY2d 649 [denial of discovery]; *People v O'Neal,* 44 AD2d 830 [sufficiency of grand jury minutes]; *People v Smith,* 41 AD2d 893 [denial of severance]). In the case at bar, the right denied defendant before his plea was the right to control his own trial defense. The considerations which likely cause a defendant to seek to exercise the right are discussed in *People v McIntyre (supra,* pp 14-16), wherein the court also noted that the right is "deeply ingrained in our common law" and recognized in our State Constitution (NY Const, art I, § 6). the *pro se* right may be particularly valuable where, as here, the defense is insanity. It is not possible to say in this case that the guilty plea was free from coercion caused by the denial of the *pro se* motion. Moreover, as a matter of policy, the right to directly confront the State and its witnesses and to argue directly to the jury should be deemed to survive a guilty plea made to avoid a trial at which the defendant would not be allowed his *pro se* right. The judgment should be reversed and the matter remitted for trial.

 ---

* The majority view herein is based in part on the fact that defendant fails to contend his plea was involuntary. It should be pointed out that the People on this appeal raise no question of waiver. Both parties argued in this court simply whether the County Court erred in denying the pretrial motions. In any event, implicit in defendant's arguments is the contention that loss of his *pro se* right caused him to plead guilty.