OPINION OF THE COURT
Leon N. Armer, J.
Defendant, a third-year university student, stands indicted for the murder of a fellow student. Defendant entered a plea of not guilty by reason of mental disease or defect under section 30.05 of the Penal Law. Suppression of his statement given upon arrest almost immediately after the alleged homicide has been granted in another part of the court. Various psychiatrists have reported as to his then condition finding an acute schizophrenia with paranoia and lack of substantial capacity to know the nature and consequences of conduct or that his conduct was wrong. Appointed psychiatrists further find, however, that defendant is now competent to stand trial and have so reported pursuant to CPL article 730. Neither party sought to controvert these psychiatric findings, so, since they stand unchallenged, this court has found thereon and confirms that defendant is competent to proceed to trial.
Subsequent to such finding of competency defendant seeks waiver of trial by jury, which application is not opposed by the District Attorney. Defendant claims that he is entitled to so waive as a matter of right pursuant to People v Reason (37 NY2d 351, 353-354) and the Court of Appeals statement thereat: "We reject the contention that there are two separate and distinct levels of mental capacity — one to stand trial, another to waive the right to be represented by counsel and to act as one’s own attorney.”
While the proposition can be accepted that in the absence of objection by the District Attorney, the waiver is not sought to obtain a prohibited strategic advantage, this court cannot accept such position by the prosecutor as foreclosing the court’s duty to determine that defendant is "fully aware of the consequences of the choice he is making.” (CPL 320.10, subd 2.) As to the first statutory requirement, after all, who should know better than the prosecutor as to the prospective tactical interplay in the case?
 The second requirement of CPL 320.10 (subd 2) cannot, *762 in effect, be stipulated away by the prosecutor who appears resigned to defendant’s success on any trial. The responsibility was imposed by the Legislature directly upon the Justice presiding to independently make the determination. To that end this court sees a marked distinction between Reason and the case at hand. The place of the jury in the format of judicial proceedings originally constitutionally mandated was clear, there could be no alternative, and the drift toward waiver is therefore "a relatively modern concept.” (People v Pasaro, 79 Misc 2d 504, 505.) As noted tangentially in the dissent in People v Carl (58 AD2d 948) and exemplified in the recent widely publicized trial of an Angela Davis, the right to counsel, applicable to People v Reason (37 NY2d 351, supra) is subject to the right of an accused to "directly confront the State and its witnesses and to argue directly to the jury”. (People v Carl, 58 AD2d 948, 950, supra.) In this State an accused has a right to appear "in person”. (NY Const, art I, § 6) of which he cannot be deprived, at least if competent to stand trial. (People v Reason, supra.) If not, he cannot be here tried in any event. (CPL art 730.)
The right to waive a jury flows therefore from a different constitutional source than the right to appear pro se or by counsel. Competency to stand trial may involve no more than ability to assist counsel or understand the nature of charges. Either or both of these may require only passive activity by an accused, depending on the nature of the case. Presumably in answering these questions the defense posture vis-á-vis the specifics of the efforts bent against defendant is explored by the reporting psychiatrists. Passive assistance however, is a far different matter than actively waiving the constitutional right to a trial by jury, and in the absence of a showing of, not merely a defendant’s comprehension of the proceedings, against him, but present "full awareness” of the consequences of the choice he is making, his application must be denied.
A hearing is ordered to give defendant " Tull opportunity to understand what he is doing’ ”. (People v Duchins, 12 NY2d 351, 353.) It is anticipated that despite the apparent futility of his expecting to ultimately obtain a result adverse to defendant, the prosecutor will contribute to the fact-finding process concerning the specific issue hereof.