■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS GIOVANNI LEBRON, Also Known as G, Appellant. [759 NYS2d 575] —Crew III, J.P. Appeal from a judgment of the

---

County Court of Albany County (Breslin, J.), rendered April 7, 1999, upon a verdict convicting defendant of the crimes of murder in the first degree (four counts), attempted robbery in the first degree (two counts) and attempted robbery in the second degree (two counts).

Defendant was indicted and charged with four counts of murder in the first degree, four counts of murder in the second degree, two counts of attempted robbery in the first degree and two counts of attempted robbery in the second degree all arising out of the shooting deaths of two people in Washington Park in the City of Albany on December 19, 1997. The evidence at trial revealed that defendant attempted to rob the two victims but, upon finding that they had nothing worth taking, shot them both execution style. Defendant subsequently was tried and convicted of four counts of murder in the first degree, two counts of attempted robbery in the first degree and two counts of attempted robbery in the second degree for which he was sentenced to, inter alia, life imprisonment without parole. Defendant appeals and we affirm.

Initially, defendant contends that County Court's unfavorable rulings on various objections made on his behalf by trial counsel reflects the court's hostility and bias and rendered the trial manifestly unfair and unjust. We cannot agree. In support of his claim of bias, defendant points out that of 36 objections registered by counsel, only three were resolved in his favor. We note first that trial counsel never moved for recusal or voiced any objection to County Court's conduct during trial, and defendant's contentions thus are unpreserved for our review (*see People v Darling*, 276 AD2d 922, 924 [2000], *lv denied* 96 NY2d 733 [2001]). Nevertheless, were we to consider defendant's argument, we would find it meritless. The vast majority of County Court's rulings were proper, and those few that might be considered erroneous were not such as to require a reversal.

Next, defendant claims error of a constitutional dimension arising out of his convictions of attempted robbery in the first degree and attempted robbery in the second degree inasmuch as they all arose out of the same factual circumstances. Likewise, he contends that his convictions on four counts of murder in the first degree are multiplicitous, duplicitous and violate the principles of double jeopardy. Again we disagree.

Defendant's challenge to his attempted robbery convictions apparently is grounded upon the proposition that attempted robbery in the second degree constitutes a lesser included offense of attempted robbery in the first degree, and it is

therefore impermissible to convict defendant of both crimes. This clearly is not the case. As provided in CPL 1.20 (37), "when it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense.'" Inasmuch as attempted robbery in the first degree, as charged in the indictment here, does not include the element of being "aided by another person actually present," as required for attempted robbery in the second degree (*see* Penal Law § 160.10 [1]), as charged in the indictment, it is theoretically possible for defendant to have committed the greater offense without concomitantly committing the lesser offense, and his convictions for each are therefore permissible (*see People v Glover*, 57 NY2d 61, 64 [1982]).

As to defendant's argument that his convictions for murder in the first degree in violation of Penal Law § 125.27 (1) (a) (vii) and murder in the first degree in violation of Penal Law § 125.27 (1) (a) (viii) are duplicitous and violative of double jeopardy we, again, cannot agree. The statutory provisions in question define the different ways in which murder can be committed, i.e., a person is guilty of murder when, with intent to cause the death of another, he or she does so in the course of the attempted commission of a robbery (*see* Penal Law § 125.27 [1] [a] [vii]) or when, with intent to cause the death of another, he or she does so and, as part of the same criminal transaction, with the intent to cause the death of an additional person, he or she causes the death of such additional person (*see* Penal Law § 125.27 [1] [a] [viii]). Because the Legislature has provided different ways in which murder in the first degree can occur, each of the cited subsections constitutes a separate and distinct offense. Therefore, those counts of the indictment charging defendant with murder under two different subsections of the Penal Law constitute noninclusory counts, because neither count contains all of the elements of the other and conviction on each is permissible (*see* CPL 300.30 [4]; *People v Brown*, 67 NY2d 555, 560 [1986], *cert denied* 479 US 1093 [1987]; *People v Davis*, 165 AD2d 610, 611-612 [1991], *lv denied* 78 NY2d 1010 [1991]). Indeed, the Legislature contemplated multiple convictions on noninclusory concurrent counts when it provided for separate but concurrent sentences on each such count (*see* CPL 300.30 [3]; Penal Law § 70.25 [2]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.