■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRODERICK HART, Appellant. [807 NYS2d 681]—

Kane, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 7, 2003, upon a verdict convicting defendant of the crimes of assault in the first degree, assault in the second degree, robbery in the third degree and criminal mischief in the second degree.

Defendant severely assaulted his ex-girlfriend's daughter, including hitting her with a hammer, and destroyed the contents of their home. After defendant's arrest and arraignment, a grand jury considered the evidence against defendant and handed up an indictment. Following trial, the jury acquitted defendant of attempted murder and convicted him of assault in the first degree, assault in the second degree, robbery in the third degree and criminal mischief in the second degree. Defendant appeals.

The indictment by the grand jury superceded the criminal court information and the proceedings before the local criminal court; the grand jury had the authority to indict regardless of any alleged defects in the earlier accusatory instrument or proceedings (*see People v Winch,* 50 AD2d 948, 948 [1975]; *People v Meachem,* 50 AD2d 953, 953 [1975]; *People v Wright,* 28 AD2d 602, 602 [1967]). The indictment was properly obtained and vested County Court with jurisdiction over defendant (*see* CPL 210.05).

Contrary to defendant's argument, the indictment properly charged him with attempted murder. Although the transcript of the grand jury proceedings does not include the results of the vote as to the attempted murder count, there is no statutory requirement that vote results be recorded in the minutes (*compare* CPL 190.25 [6] [instructions on the law must be included in grand jury minutes]). The grand jury's vote sheet, reviewed by this Court as a confidential exhibit, lists unanimous votes to indict on each count, including the attempted murder count, and the indictment containing the attempted murder count was certified as a true bill by the foreperson (*see* CPL 200.50 [8]). Hence, the documentary proof establishes that the grand jury duly indicted defendant on one count of attempted murder, in addition to other counts (*see* CPL 190.25 [1]; 200.50; *cf. People v Duchowney,* 166 AD2d 769, 770 [1990]). Since attempted murder was duly included in the indictment, County Court properly permitted the People to present evidence regarding that crime.

Mercure, J.P., Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.