■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD F. RODABAUGH, Appellant. [809 NYS2d 636]—

Carpinello, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered October 29, 2004, upon

a verdict convicting defendant of the crimes of burglary in the third degree and attempted grand larceny in the third degree.

Indicted on burglary in the third degree and attempted grand larceny in the third degree, defendant was found guilty as charged following a jury trial. The evidence at trial established that defendant entered a barn on a horse farm in the early morning hours of May 7, 2004 and was caught by its owner leading one of the horses out of it. In fleeing, defendant fell down a ravine and remained there until the police arrived and arrested him. In a statement to police that was admitted into evidence at trial, defendant readily admitted that he had no permission to be in the barn and that he was attempting to lead one of the horses out of it. He denied, however, that he was attempting to steal the horse, claiming instead that he was just there to "spend some time with the horses" and to feed them. At trial, the People were also permitted to introduce evidence that a similar incident occurred at the same barn approximately three weeks earlier.[1] On this occasion, defendant was also caught by the farm owner leading one of the horses out of the barn in the middle of the night. Before successfully absconding on this occasion, defendant similarly explained to the farm owner that he was just there to play with the horses.

The defense theory at trial was simple and reasonable under the circumstances, namely, that defendant was an alcoholic who was intoxicated on the morning in question and that such intoxication negated the element of intent. Evidence was adduced to support this theory, including that defendant was observed to be quite intoxicated just a few hours before he was caught in the barn. Trial counsel further highlighted that a notation in a police report generated from the incident indicated that defendant appeared to be impaired by alcohol.[2] Trial counsel also repeatedly stressed that defendant was not leading the horse toward a road, but was leading it toward a fenced-in pasture, had no means of transporting a horse and had no place to house a horse since he lived in a second floor apartment over five miles away.

On appeal, defendant claims that cumulative errors by trial

---

1. Although defense counsel did not object to evidence of this prior incident, County Court conducted a *Molineux* analysis and permitted testimony of the prior uncharged conduct as relevant to the issue of defendant's intent and/or absence of mistake.

2. The arresting officers each testified, however, that while they detected a slight odor of alcohol on defendant's breath that morning, he showed no other signs of intoxication. The farm owner also testified that he observed no signs of intoxication on defendant's part.

counsel deprived him of the effective assistance of counsel. For example, defendant now challenges trial counsel's decision to waive the *Huntley* and *Molineux* hearings, which resulted in the admission of his statement to police and evidence of the prior incident in the barn. However, most of the acts and omissions now alleged by defendant as indicative of ineffective assistance of counsel were obviously strategic decisions to establish that defendant lacked intent due to intoxication, and we will not second-guess these decisions on appeal (*see People v Baldi*, 54 NY2d 137, 147 [1981]).

Indeed, defendant's statement to police and the prior incident were heavily relied upon to establish the intoxication defense. For example, defendant's statement supported his nonlarcenous excuse for being on the property (defendant did not take the stand) and trial counsel highlighted that beer cans had been left inside the barn on the prior occasion. Where, as here, a defense attorney presents a well-grounded but ultimately unsuccessful defense, such attorney will not later be held to have provided ineffective assistance (*see People v Lane*, 60 NY2d 748, 750 [1983]; *People v Baldi, supra*). Defendant's other claims of error on the part of trial counsel—such as failing to object to an unsigned CPL 710.30 notice and failing to make certain evidentiary objections—have been reviewed and simply do not establish that defendant was denied meaningful representation (*see People v Baldi, supra* at 147).

Defendant also argues that County Court lacked jurisdiction in this matter, and therefore the judgment of conviction is a nullity, because he never entered a plea to the indictment. To be sure, a valid indictment was handed up and an arraignment was conducted in this matter (*see* CPL 1.20 [9]), but defendant never entered a formal plea during it or at any other time (*see* CPL 210.50, 220.50 [1]; *compare People v Updike*, 125 AD2d 735 [1986]). We are nevertheless unpersuaded that this inadvertent failure warrants reversal of defendant's conviction. It is quite obvious that both the People and defendant proceeded throughout the proceedings before County Court as if defendant had entered a formal plea of not guilty (*see People v Golston*, 13 AD3d 887, 888-889 [2004], *lv denied* 5 NY3d 789 [2005]). The issue has only been raised on appeal. Moreover, defendant has wholly failed to establish that his failure to actually enter a formal plea of not guilty deprived him of any substantial right or in any way disadvantaged him during the trial (*see Garland v Washington*, 232 US 642, 645-646 [1914]; *United States v Joyner*, 201 F3d 61, 79 [2000]). Under these circumstances, strict adherence to this formality is simply unwarranted (*see id.*).

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.