■ The People of the State of New York, Respondent, v Allen E. Rote, Appellant. [812 NYS2d 191]—

Mugglin, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered October 10, 2003, upon a verdict convicting defendant of the crimes of criminal sale of marihuana in the third degree (two counts) and criminal sale of marihuana in the fourth degree.

As a result of an undercover drug operation, defendant was accused of selling marihuana on three separate occasions. Although defendant never entered a formal plea to the indictment, a jury trial was held and he was found guilty of two counts of criminal sale of marihuana in the third degree and one count of criminal sale of marihuana in the fourth degree. Sentenced to concurrent prison terms of 1 to 3 years on the third degree sale convictions and one year in jail on the fourth degree sale conviction and restitution, defendant now appeals.

Defendant urges two grounds as a basis for reversal of his conviction. First, defendant contends that his failure to enter a plea deprived County Court of jurisdiction of his person. Since the issue raised does not impact the essential validity of the proceedings and, thus, is not of jurisdictional dimension (*cf. People v Patterson*, 39 NY2d 288, 294-296 [1976], *affd* 432 US 197 [1977]), the failure to raise the issue before County Court, in the absence of demonstrable prejudice, leaves it unpreserved for our review (*see* CPL 470.05 [2]; *People v Miller*, 27 AD3d 1017 [2006]; *cf. People v Tower*, 17 NYS 395, 396 [1892], *affd* 135 NY 457 [1892]). In any event, were we to reach it, we would find it to be meritless. Jurisdiction over the person of defendant vests in County Court with the return of a properly obtained indictment (*see* CPL 1.20 [24]; *People v Hart*, 25 AD3d 815, 816 [2006]), and is not divested because defendant was not compelled to enter a plea (*see* CPL 210.50, 220.50 [1]). A not guilty plea merely serves to put the People to their proof. As that is what ultimately occurred here, defendant can demonstrate no prejudice (*see People v Rodabaugh*, 26 AD3d 598, 600 [2006]; *see also People v Updike*, 125 AD2d 735, 737 [1986]).

Second, defendant claims that he received the ineffective assistance of counsel at trial in two instances. Initially, defendant contends that trial counsel's failure to request that County Court charge the jury with the agency defense constitutes ineffectiveness. "An agency defense must be submitted to the jury if any reasonable view of the evidence, considered in the light most favorable to the defendant, supports the conclusion that the defendant, in selling narcotics, was acting 'solely on behalf of the buyer such as to be a mere extension or instrumentality

of the buyer' . . . [and, thus, the] availability of the [agency] defense hinges entirely on the relationship between the defendant and the buyer, and whether the circumstances of the transaction indicate the defendant's involvement in the crime was solely for the accommodation of the buyer" (*People v Magee*, 263 AD2d 763, 765 [1999], quoting *People v Ortiz*, 76 NY2d 446, 449 [1990]). A review of the record, in the light most favorable to defendant, reveals no reasonable view which would support the conclusion that defendant acted simply as an agent for the buyer of the marihuana, as the undisputed evidence established that defendant, in conjunction with the sale, weighed the marihuana and then bagged the amount to be sold, all in the presence of the undercover officer (*see People v Argibay*, 45 NY2d 45 [1978]; *People v Roche*, 45 NY2d 78 [1978], *cert denied* 439 US 958 [1978]).

Next, defendant urges that trial counsel was ineffective because he offered into evidence the scales that defendant allegedly used to weigh the marihuana sold to the undercover officer. It is well settled that objectively reasonable and legitimate trial strategies adopted by trial counsel, when viewed against the circumstances of the case and evidence presented, will not be considered ineffective assistance of counsel even if unsuccessful (*see People v Rosado*, 13 AD3d 902, 904 [2004], *lv denied* 4 NY3d 835 [2005]). Here, trial counsel offered defendant's scales into evidence in an effort to discredit the testimony of the undercover officer that defendant weighed the drugs sold—the apparent theory being that the scales were inadequate for that purpose. The prosecution was apparently successful in discrediting counsel's argument in this regard, but such losing tactic fails to rise to the level required for ineffective assistance of counsel (*see People v Rodabaugh, supra* at 600). Moreover, examination of the entire criminal proceeding convinces us that the totality of the representation equates to the required meaningful representation, all that defendant's constitutional right requires (*see People v Baldi*, 54 NY2d 137, 147 [1981]).

Mercure, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.