■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CIOTO, Appellant. [914 NYS2d 771]—

Rose, J. Appeal from a judgment of the County Court of Ulster County (McGrath, J.), rendered June 18, 2008, upon a verdict

convicting defendant of the crimes of robbery in the first degree, robbery in the second degree, burglary in the first degree and grand larceny in the fourth degree.

Defendant and two codefendants confronted the victim late at night; one of the codefendants displayed a BB gun that looked like a real handgun and the trio then forced the victim into his residence. The victim was threatened, kicked and struck, his apartment was ransacked in a search for money and drugs, and his jewelry was stolen. Defendant was arrested the next day and, following a jury trial, he was convicted of robbery in the first degree, robbery in the second degree, burglary in the first degree and grand larceny in the fourth degree. He was then sentenced as a second violent felony offender to an aggregate prison term of 15 years, with five years of postrelease supervision.

On appeal, defendant argues that he was deprived of meaningful representation because his counsel pursued an intoxication defense that conceded defendant's presence at the scene of the crime. In our view, however, counsel's attempt to establish that defendant was too intoxicated to form the requisite intent reflects the pursuit of a recognized defense strategy that was appropriately tailored to the facts of the case (see People v Benevento, 91 NY2d 708, 714 [1998]; People v Rodabaugh, 26 AD3d 598, 599-600 [2006]). Counsel clearly and consistently developed this defense throughout the trial, and County Court found that it had sufficient support in the record to give an intoxication instruction. In any event, a mere disagreement with strategy or tactics will not rise to the level of ineffective assistance of counsel (see People v Flores, 84 NY2d 184, 187 [1994]; People v Rivera, 71 NY2d 705, 708-709 [1988]). Nor is defendant correct in claiming that counsel elicited prejudicial information regarding other charges pending against him. Rather, the elicited information pertained to charges pending against the victim. Although defendant also complains that defense counsel did not make any objections at trial, he has not identified any legitimate or sustainable points for objection (see People v Camerena, 42 AD3d 814, 815 [2007], lv denied 9 NY3d 921 [2007]). Viewing the totality of the record, we conclude that defendant was provided with meaningful representation (see People v Caban, 5 NY3d 143, 152 [2005]; People v Massey, 45 AD3d 1044, 1047-1048 [2007], lv denied 9 NY3d 1036 [2008]; People v Rodabaugh, 26 AD3d at 600).

As for defendant's challenge to his sentence, we find no basis in the record for his claim that he was penalized for exercising his right to trial (see People v Pena, 50 NY2d 400, 412 [1980],

*cert denied* 449 US 1087 [1981]; *People v Bush*, 75 AD3d 917, 920 [2010]). Given the nature of the crimes and defendant's extensive criminal history, including that he is a second violent felony offender and was on parole at the time he committed these crimes, we find no extraordinary circumstances that would cause us to reduce the sentence on the ground that it is harsh or excessive (*see People v Bush*, 75 AD3d at 920; *People v Massey*, 45 AD3d at 1048).

Peters, J.P., Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.