McCarthy, J.
When this appeal was previously before this Court, we found that the integrity of the grand jury was not impaired, defendant’s letters were properly admitted at trial, and the conviction was supported by legally sufficient evidence and not against the weight of the evidence (82 AD3d 1495 [2011], revd 19 NY3d 382 [2012]). We found that defendant was entitled to a new trial, however, based on questioning by the People that implicated defendant’s right to confront witnesses (id. at 1497-1498). The Court of Appeals reversed, finding that defense questioning had opened the door and that the prosecutor did not exceed acceptable bounds when correcting the misleading impression created by that questioning (19 NY3d 382 [2012]). The matter was remitted for this Court to consider the remaining issues we did not resolve when the appeal was previously before us.
County Court’s Sandoval ruling was proper. The court *1038 reached an appropriate compromise by permitting the People to inquire about defendant’s conviction for criminal sale of a controlled substance, which demonstrated his willingness to place his interests above those of society, and to refer to two other convictions only as class E violent felonies (see People v Peele, 73 AD3d 1219, 1220 [2010], lvs denied 15 NY3d 894 [2010]). Defendant did not argue to the trial court that he would be prejudiced by permitting the People to refer to his prior crimes as “violent” felony offenses, so that argument is unpreserved for our review.
In its Molineux ruling, County Court engaged in the required balancing of probative value against prejudicial effect to defendant (see People v Shutter, 72 AD3d 1211, 1214 [2010], lv denied 14 NY3d 892 [2010]). References to defendant’s gang membership were highly probative to explain why defendant would brag about the murder to several witnesses and how he came to possess the gun that he used. Facts surrounding the ultimate disposition of the shotgun used by the codefendant were necessary to establish the time frame of when defendant made an admission to one of the witnesses. These and other prejudicial prior bad acts were admitted because of their probative value. Additionally, the court gave limiting instructions to the jury so this evidence would be considered only for appropriate purposes (see People v Edmunds, 21 AD3d 578, 580 [2005], lv denied 5 NY3d 828 [2005]; compare People v Westerling, 48 AD3d 965, 968 [2008]).
We will not address defendant’s allegations of prosecutorial misconduct because he did not preserve them by making proper objections to the prosecutor’s questions or comments that defendant now challenges (see People v Cortese, 79 AD3d 1281, 1283 [2010], lv denied 16 NY3d 857 [2011]). Similarly, defendant failed to preserve his allegations that County Court was biased in favor of the People, as he did not object to the court’s conduct or move for recusal (see People v Busreth, 35 AD3d 965, 967 [2006], lv denied 8 NY3d 920 [2007]; People v Lebron, 305 AD2d 799, 800 [2003], lv denied 100 NY2d 583 [2003]).
These failures to object did not render counsel’s assistance ineffective. Considering the totality of the circumstances, defendant received meaningful representation, as evinced by his concession that counsel was well prepared, made coherent opening and closing statements, effectively examined witnesses and had a reasonable trial strategy (see People v Fulwood, 86 AD3d 809, 811 [2011], lv denied 17 NY3d 952 [2011]; People v Cioto, 80 AD3d 875, 876 [2011], lv denied 16 NY3d 829 [2011]). Defendant now argues that counsel was ineffective by opening the *1039 door to harmful testimony, as detailed by the Court of Appeals. This argument could have been — but was not — raised in his initial brief, so we will not review this contention raised for the first time on remittal (see Matter of Clinton County [Miner], 39 AD3d 1015, 1016 [2007]; Matter of Deuel v Dalton, 33 AD3d 1158, 1159 [2006]).
Mercure, J.E, Rose, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.