Lahtinen, J.R
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered April 20, 2012, convicting defendant following a nonjury trial of the crimes of robbery in the third degree and grand larceny in the fourth degree.
Defendant allegedly was the driver for codefendant Ian J. Johns, who grabbed a purse* from the victim in the parking lot of the St. Lawrence Mall in the Town of Massena, St. Lawrence County, and then ran to defendant’s waiting car for escape. A witness supplied defendant’s license plate to police and she and Johns were later arrested. Following a nonjury trial, she was found guilty, as an accomplice, of robbery in the third degree and grand larceny in the fourth degree. She now appeals arguing that the evidence was legally insufficient to establish that she shared Johns’ criminal intent as to both crimes and also that there was legally insufficient evidence of the use of physical force to support the robbery conviction.
When reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the People and determine whether there is a valid line of reasoning and permissible inferences to support the factfinder’s verdict (see People v Ramos, 19 NY3d 133, 136 [2012]; People v Degiorgio, 36 AD3d 1007, 1008 [2007], lv denied 8 NY3d 921 [2007], cert denied 552 US 999 [2007]). “To support a conviction based on accomplice liability, the evidence must demonstrate that a defendant ‘share[d] the intent or purpose of the principal actor’ ” (People v Bush, 75 AD3d 917, 918 [2010], lv denied 15 NY3d 919 [2010], *1127 quoting People v Kaplan, 76 NY2d 140, 144 [1990]). “Mental culpability . . . may be inferred from a defendant’s conduct and from the surrounding circumstances” (People v Bush, 75 AD3d at 918 [citation omitted]; see People v McCottery, 90 AD3d 1323, 1324 [2011], lv denied 19 NY3d 975 [2012]). Proof at trial included testimony that defendant drove Johns to the mall and she stayed in the car while he took the victim’s purse. As Johns fled from the victim, defendant backed her car up between the rows of vehicles in the parking lot to meet him. He entered the car and defendant immediately sped away at a high rate of speed. While in the car, Johns removed from the purse, among other things, a large amount of cash and a stack of scratch-off lottery tickets. He placed the lottery tickets in defendant’s car, where they were later found when the police executed a search warrant. Defendant and Johns continued to defendant’s apartment and, later that day, defendant permitted the police to enter the apartment. Johns was hiding in the apartment and considerable amounts of cash were observed laying on a bedroom floor. There was sufficient proof to permit the factfinder to infer that defendant acted as an accomplice in the crimes.
We consider next defendant’s argument that there was not legally sufficient evidence of the use of physical force in the taking of the victim’s property to support the robbery conviction. “[R]obbery is a ‘forcible stealing’ in which a defendant ‘uses or threatens the immediate use of physical force upon another person’ ” (People v Ramirez, 89 NY2d 444, 452 [1996], quoting Penal Law § 160.00). The victim indicated that she saw Johns approaching immediately before he grabbed her purse and that she was alarmed by his appearance. She resisted Johns’ actions, resulting in a brief struggle. Later, her shoulder was sore from the struggle such that she took pain medicine. Viewed most favorably to the People, the evidence established that physical force was used in taking the victim’s property (see People v Simmons, 31 AD3d 1051, 1053 [2006], lv denied 7 NY3d 929 [2006]; People v Ross, 180 AD2d 698, 698 [1992], lv denied 79 NY2d 1053 [1992]; cf. People v Dobbs, 24 AD3d 1043, 1044 [2005]; People v Davis, 71 AD2d 607, 607-608 [1979]).
Stein, Garry and Rose, JJ., concur.
Ordered that the judgment is affirmed.

 At trial the People’s witnesses referred to the victim’s “personal belongings” rather than her “purse” since County Court had precluded direct reference to the purse as a discovery sanction imposed on the People. However, on appeal defendant uses the word purse and, thus, for the sake of simplicity and clarity, we also will use purse, which is where all the personal belongings that were taken from the victim were located.