People v Matthews (2018 NY Slip Op 01355)





People v Matthews


2018 NY Slip Op 01355


Decided on March 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 1, 2018

107209

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RHAMEL R. MATTHEWS, Appellant.

Calendar Date: January 17, 2018

Before: Egan Jr., J.P., Devine, Mulvey, Aarons and Rumsey, JJ.


Norbert A. Higgins, Binghamton, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Amanda M. Clark, Law Intern), for respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered December 4, 2014, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the second degree.
Defendant was charged by indictment with one count of criminal possession of a controlled substance in the second degree, one count of criminal possession of a controlled substance in the third degree, one count of criminal possession of a weapon in the third degree and two counts of criminally using drug paraphernalia in the second degree after narcotic drugs, packaging material, a scale and a Colt .25 caliber pistol were recovered during a search of his residence that was conducted pursuant to a search warrant that had been issued on
April 4, 2013. The warrant was obtained, in part, based on sworn statements provided by two confidential informants (hereinafter CIs). Defendant moved to suppress the evidence that was seized pursuant to the warrant, contending that the warrant was issued without probable cause based on false or stale information that had been provided by the CIs. After a Darden hearing, County Court concluded that the CIs had provided sworn allegations of fact to police investigators that were made part of the application for the search warrant that provided "ample grounds for the issuance of the search warrant."
Defendant subsequently pleaded guilty to one count of criminal possession of a controlled substance in the second degree and was sentenced, as a second felony offender, to a prison term of six years followed by three years of postrelease supervision. After being advised [*2]that the three-year period of postrelease supervision was unlawful, County Court permitted defendant to withdraw his guilty plea; he thereafter pleaded guilty to attempted criminal possession of a controlled substance in the second degree. Defendant was then sentenced to a prison term of six years followed by three years of postrelease supervision. Defendant now appeals.
Defendant asserts that the CIs provided false information about the location of his residence and, further, that any information they provided was, or may have been, stale, because no dates were provided for when the CIs purchased drugs from him or witnessed him in the possession of any drugs. "[A] Darden hearing is held to ensure 'that the confidential informant both exists and gave the police information sufficient to establish probable cause'" (People v Joseph, 27 NY3d 1009, 1011 [2016], quoting People v Edwards, 95 NY2d 486, 494 [2000]). Based on our in camera review of the transcript of the Darden hearing, we are satisfied that County Court properly determined that the CIs existed and provided reliable and timely information that justified a finding that probable cause existed to issue the search warrant.
Defendant asserts that County Court should have recused itself because it had predetermined the suppression issue prior to conducting the Darden hearing. This argument is not preserved for our review because defendant neither made a relevant objection nor moved for recusal (see People v Reid, 97 AD3d 1037, 1038 [2012], lv denied 19 NY3d 1104 [2012]; People v Lebron, 305 AD2d 799, 800 [2003], lv denied 100 NY2d 583 [2003]).
Egan Jr., J.P., Devine, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.