[710 NYS2d 420]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN DOE et al., Respondents.

Third Department, June 29, 2000

## APPEARANCES OF COUNSEL

*Eliot Spitzer, Attorney General,* New York City (*Arthur G. Weinstein* of counsel), for appellant.

*Tobin & Dempf,* Albany (*Raul A. Tabora, Jr.,* of counsel), for respondents.

**OPINION OF THE COURT**

CARPINELLO, J.

This is an appeal from an order of County Court which dismissed a sealed indictment after presentment of the case to the Grand Jury but prior to defendants' arraignment. The order of dismissal is based on the Attorney General's conduct in obtaining the indictment in violation of a Supreme Court order specifically enjoining any such criminal prosecution. A brief chronology of events is warranted.

On June 9, 1998, defendants successfully obtained preliminary injunctive relief prohibiting the Attorney General from criminally prosecuting them for an alleged violation of a Medicaid regulation pending resolution of their declaratory judgment action seeking to strike the regulation as unconstitutionally vague. Notwithstanding the clear mandate of the June 9, 1998 order, the Attorney General submitted charges to a Grand Jury on June 23, 1998 and obtained an indictment. When the Attorney General attempted to have defendants arraigned on this indictment, County Court, cognizant of Supreme Court's order, refused to arraign them unless and until the preliminary injunction was lifted. Of note, the Attorney General's conduct in obtaining the indictment despite the injunction resulted in a further order of Supreme Court finding him in contempt of court.

After this Court affirmed both orders of Supreme Court (*see, Ulster Home Care v Vacco,* 255 AD2d 73), defendants then sought dismissal of the indictment by County Court which, as noted, was granted. Notwithstanding this Court's decision in *Ulster Home Care v Vacco (supra),* as well as our subsequent decision which struck as unconstitutionally vague the very regulation which formed the basis of the alleged criminal acts detailed in the indictment (*see, Ulster Home Care v Vacco,* 268 AD2d 59), the Attorney General nonetheless presses the instant appeal claiming that County Court was without jurisdiction to grant defendants' motion to dismiss.

The Attorney General argues that because defendants named in the indictment were never formally arraigned, County Court could not entertain the dismissal motion (*see,* CPL 210.20 [1]). If this argument was adopted by this Court, defendants would be required to appear in open court for formal arraignment

before obtaining the judicial relief to which they are obviously entitled, a result which elevates form over substance. Countenancing this argument would be particularly harmful in this case where the mere unsealing of the indictment could result in defendants' immediate disqualification from continued participation in the Medicaid program (*see*, 18 NYCRR 515.7).

Although CPL 210.20 seemingly requires a defendant's arraignment prior to a motion to dismiss, we do not view it as restricting the time period within which a court may dismiss an indictment (*see*, *People v England*, 195 AD2d 751, *affd* 84 NY2d 1 [dismissal before arraignment on speedy trial grounds]). To this end, we note that one purpose of an arraignment is for the court to obtain jurisdiction over the person of a defendant (*see*, *People ex rel. Kehoe v Harkness*, 84 Misc 2d 927, *affd* 50 AD2d 1010, *lv denied* 40 NY2d 809). Here, the essence of the Attorney General's claim is that the court lacked personal jurisdiction in the absence of an arraignment and therefore could not dismiss the indictment. Even assuming that the Attorney General can press this argument, lack of personal jurisdiction being a defense typically personal to defendants themselves, County Court surely had subject matter jurisdiction over the indictment, the filing of which marked the commencement of the criminal action in that court (*see*, *People ex rel. Gray v Tekben*, 86 AD2d 176, *affd* 57 NY2d 651; *see also*, CPL 1.20 [1], [17]; 100.05).

The precise question then is whether County Court, clearly having subject matter jurisdiction over the indictment itself, exceeded its power in dismissing same. We are compelled to answer this inquiry in the negative. As aptly noted by the Court of Appeals: "From time immemorial our common-law courts have exercised the power to set aside and quash indictments on motion, not only for defects in form, but for irregularities and errors that were proved by extrinsic evidence. * * * This power is based upon the inherent right and duty of the courts to protect the citizen in his [or her] constitutional prerogatives, and to prevent oppression or persecution" (*People v Glen*, 173 NY 395, 400). (*Accord*, *People v Cirillo*, 100 Misc 2d 527.) Here, the subject indictment was obtained in direct violation of an order of Supreme Court and was therefore illegally obtained; this being the case, it was well within the inherent power of County Court to dismiss same.

CREW III, J. P., SPAIN, GRAFFEO and MUGGLIN, JJ., concur.

Ordered that the order is affirmed.