■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM K. ROBERTS, Appellant. [775 NYS2d 424]—

Rose, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered April 16, 2003, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree and the violation of unlawful possession of marihuana.

Upon his arrest on a warrant issued by the Village Court of the Village of Catskill, Greene County, and executed by a city police officer in the City of Hudson, Columbia County, defendant was found to be in possession of a quantity of ecstasy pills and marihuana. As a result of this seizure, defendant was then charged in Columbia County with criminal possession of a controlled substance in the fourth degree and unlawful possession of marihuana. After County Court denied his motions to suppress the physical evidence and dismiss the indictment based on his challenges to the arrest warrant, defendant pleaded guilty and was sentenced as a predicate felon to a prison term of 5 to 10 years on his conviction of criminal possession of a controlled substance in the fourth degree. He now appeals.

Defendant initially argues that the physical evidence seized at the time of his arrest should have been suppressed because the arrest warrant was invalid. Specifically, he contends that the justice who issued the warrant should have recused himself and Village Court was not authorized to issue the warrant because a copy, rather than the original, of the underlying accusatory instrument was filed with the court. There is, however, no proof that Judiciary Law § 14 was violated simply because the justice who issued the warrant was the uncle of the village police officer who obtained it, since the officer was not a party, but at most a complainant, in the criminal action (*see People v Griffiths,* 155 AD2d 777, 779 [1989]). Nor has defendant offered any evidence that actual bias influenced Village Court's determination of probable cause (*see People v Hinton,* 302 AD2d 1008, 1009 [2003], *lv denied* 100 NY2d 539 [2003]). Similarly, the filing of a copy is no evidence that a facially sufficient accusatory instrument was not in Village Court's possession when it issued the arrest warrant (*see* CPL 120.20 [1]; *see also* CPL 100.05, 100.15).

Defendant's argument that the indictment in the Columbia County criminal action was subject to dismissal because he was never arraigned on the Greene County charges is equally unavailing, inasmuch as a failure to arraign does not prejudice the rights of a defendant who pleads guilty (*see People ex rel. Bofill v McMann,* 33 AD2d 812 [1969], *lv denied* 27 NY2d 484 [1970]).

Finally, the sentence imposed is within statutory guidelines and neither harsh nor excessive. Given defendant's criminal history, we discern no reason to modify it in the interest of justice.

Mercure, J.P., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.