■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRIC GOLSTON, Appellant. [787 NYS2d 185]—

Crew III, J. Appeals (1) from a judgment of the County Court of Schenectady County (Hoye, J.), rendered June 14, 2002, upon a verdict convicting defendant of the crimes of robbery in the first degree (three counts), robbery in the second degree (two counts), grand larceny in the second degree, grand larceny in the fourth degree, unlawful imprisonment in the first degree (two counts) and criminal possession of a weapon in the second degree, and (2) by permission, from an order of said court, entered May 7, 2003, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On October 24, 2001, Marlene McMillen and Dawn Falace, having just completed their daily cleaning of a Sunmark Federal Credit Union branch in Schenectady County, were leaving the premises when they were confronted by a camouflaged man brandishing a gun. They were ordered to the ground while a second individual secured them to chairs with duct tape. Various Sunmark employees began entering the building and were likewise restrained. Finally, Sunmark's manager arrived and provided the two men with the combination to the bank's vault. Upon entering the vault, the two men stuffed currency into a green duffle bag and fled the scene in McMillen's red Ford Ranger truck. Employees outside Sunmark, realizing a robbery had taken place, notified the police.

Shortly thereafter, police officers observed a Ford Ranger bearing McMillen's license plates and gave chase. While in pursuit, the Ford Ranger suddenly stopped and its occupants fled on foot. The police chased the two men down an embankment and into a swamp where defendant was apprehended. Defendant was then taken back to Sunmark where he was identified by several Sunmark employees, including McMillen.

Defendant thereafter was indicted and charged with robbery in the first degree (three counts), robbery in the second degree (two counts), grand larceny in the second degree, grand larceny in the fourth degree, unlawful imprisonment in the first degree (two counts) and criminal possession of a weapon in the second degree. Following a *Wade* hearing, at which defendant unsuccessfully challenged his showup identification, defendant was tried and convicted as charged. Defendant then was sentenced to, inter alia, 25-year terms for each count of robbery in the first degree, as well as a five-year period of postrelease supervision. Defendant now appeals.

Initially, defendant contends that County Court was without jurisdiction to preside over his case and, consequently, the

indictment must be dismissed. He bases this assertion on the fact that Judge Eidens, who arraigned defendant and presided over the case until the first pretrial conference, recused himself, pursuant to Judiciary Law § 14, because of his financial interest in Sunmark. Thus, contends defendant, his arraignment is a nullity and County Court never obtained jurisdiction over him. While it is true that Judge Eiden's statutory disqualification from defendant's case renders the arraignment and plea void (*see People v Burgett*, 15 AD2d 873 [1962]), it is equally clear that defendant's subsequent appearance and participation at the *Wade* hearing and trial before another judge constituted submission to County Court's jurisdiction (*see People v Ciccarello*, 276 AD2d 637 [2000], *lv denied* 96 NY2d 733 [2001]).

Next, defendant contends that County Court erred in admitting evidence of his showup identification because it was unduly suggestive and violative of his due process guarantee. Again, we disagree. It has long been established that a showup identification will be upheld so long as it is reasonable and not unduly suggestive (*see People v Jackson*, 2 AD3d 893, 895 [2003], *lv denied* 1 NY3d 629 [2004]). Moreover, a showup will be deemed reasonable where it is conducted in close geographic and temporal proximity to the crime (*see People v Ortiz*, 90 NY2d 533, 537 [1997]).

Here, we are not prepared to hold that the delay between defendant's arrest and the showup was unreasonable. While there was a delay of approximately 90 minutes between the arrest and showup, the record makes plain that the delay was attributable to retrieving defendant from a swamp at the bottom of a steep ravine and arranging the witnesses and instructing them as to the coming review. Under such circumstances, this showup constituted "one unbroken chain of events—crime, escape, . . . apprehension and identification[ ]"—in a limited temporal and geographic area (*People v Duuvon*, 77 NY2d 541, 544-545 [1991]). As to defendant's contention that once McMillen made a positive identification, the showup identification was required to cease, we again disagree. There are any number of cases that have approved of multiple witness identifications at a showup (*see e.g. People v Love*, 57 NY2d 1023 [1982]; *People v Lewis*, 287 AD2d 888 [2001], *lv denied* 97 NY2d 684, 756 [2001]).

Finally, we reject defendant's contention that County Court erred in refusing to give a circumstantial evidence charge. It goes without saying that such a charge need not be given where there exists both direct and circumstantial evidence of a defendant's guilt (*see e.g. People v Roldan*, 88 NY2d 826, 827

[1996]). Where, as here, there is eyewitness identification of defendant, such constitutes direct evidence (*see People v Setless*, 289 AD2d 708, 709 [2001], *lv denied* 98 NY2d 640 [2002]). We have considered defendant's remaining contentions, including his contention that County Court erred in denying his CPL 440.10 motion, and find them equally without merit.

Cardona, P.J., Peters and Spain, JJ., concur. Ordered that the judgment and order are affirmed.