■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. MILLER SR., Appellant. [811 NYS2d 500]—

Kane, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered April 29, 2005, upon a verdict convicting defendant of the crimes of driving while intoxicated (two counts), aggravated unlicensed operation of a motor vehicle in the first degree, reckless driving and obstructing governmental administration in the second degree.

Defendant, who had no driver's license, was driving home from a bar after drinking seven beers at various places throughout the evening. The first police officer who encountered defendant activated his car's emergency lights for defendant to pull over. Defendant began to pull over, then accelerated and continued driving. During the police chase that ensued, defendant sped and drove through numerous red lights and stop signs without stopping, finally coming to a rest in front of his home. He failed all administered sobriety tests and a chemical test showed a .15% blood alcohol content. Following trial, the jury convicted him of felony driving while intoxicated (two counts), aggravated unlicensed operation of a motor vehicle in the first degree, reckless driving and obstruction of governmental administration in the second degree. Defendant appeals.

County Court obtained jurisdiction over defendant when it arraigned him on the indictment (*see* CPL 1.20 [9]; *People v Doe*, 271 AD2d 29, 31 [2000], *lv denied* 95 NY2d 934 [2000]), however, the court never obtained a formal not guilty plea from defendant as required by statute (*see* CPL 210.50, 220.50 [1]). This statutory violation, which is not jurisdictional, is not preserved for our review because defendant failed to raise it before County Court and proceeded as if he had pleaded not

guilty (*compare People v Updike*, 125 AD2d 735, 736-737 [1986]). On the merits, moreover, defendant submitted to the court's jurisdiction and accessed the court's authority over him through his subsequent appearances, filing of motions and participation in trial (*see People v Golston*, 13 AD3d 887, 889 [2004], *lv denied* 5 NY3d 789 [2005]; *People v Ciccarello*, 276 AD2d 637, 637 [2000], *lv denied* 96 NY2d 733 [2001]; *see also People v Rodabaugh*, 26 AD3d 598, 600 [2006]). We similarly decline to address defendant's argument alleging facial insufficiency of the count of the indictment charging obstruction of governmental administration, as he failed to preserve the issue by including it in his pretrial motion to dismiss the indictment (*see People v Stabb*, 9 AD3d 738, 739 [2004], *lv denied* 3 NY3d 712 [2004]).

Defendant also failed to preserve for our review the People's alleged CPL 710.30 violation. In any event, that allegation is meritless as the prosecution did not offer any identification testimony that fell within the parameters of that statute (*see People v Gissendanner*, 48 NY2d 543, 552 [1979]; *People v Evans*, 17 AD3d 861, 862 [2005], *lv denied* 5 NY3d 828 [2005]; *People v Butler*, 16 AD3d 915, 916-917 [2005], *lv denied* 5 NY3d 786 [2005]).

Defendant's argument that County Court's *Sandoval* ruling was unduly prejudicial, while preserved, is unpersuasive. The court permitted inquiry regarding defendant's 1985 grand larceny conviction, 1988 criminal trespass conviction and 2000 false impersonation conviction. Although a substantial amount of time had passed since two of these convictions were obtained, the court stated that its ruling was a compromise because of defendant's essentially nonstop criminal record over the prior 20 years. The court did not allow inquiry into defendant's conviction for endangering the welfare of a child, three prior aggravated unlicensed operation convictions or five prior driving while intoxicated convictions. When considering defendant's total criminal history, the court's *Sandoval* ruling balanced all appropriate factors and constituted a proper exercise of discretion (*see People v Whitted*, 16 AD3d 905, 907 [2005], *lv denied* 4 NY3d 892 [2005]; *see also People v Walker*, 83 NY2d 455, 459 [1994]; *People v Layman*, 284 AD2d 558, 560 [2001], *lv denied* 96 NY2d 903 [2001]).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.