■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN B. BANKS, Appellant. [830 NYS2d 839]—

---

Mugglin, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered June 26, 2003, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

In 1998, defendant was convicted of various violations in the City Court of the City of Amsterdam. He was sentenced to time served and a $90 mandatory surcharge was imposed. When defendant failed to pay the surcharge, City Court issued a bench warrant. Four years later, defendant was apprehended in the City of Schenectady, Schenectady County, and two police officers were dispatched from Amsterdam to transport defendant. When they picked up defendant, the Schenectady police advised the Amsterdam police that they suspected that defendant was secreting something, probably contraband, in his pants. Defendant was transported to City Court in Amsterdam and, despite the late hour, was immediately arraigned on the bench warrant. City Court set bail at $93, which defendant was unable to post. Prior to being transported to the Montgomery County jail, defendant was strip-searched and a plastic bag containing 30 smaller plastic bags of crack cocaine was found secreted in his underwear. Defendant was ultimately convicted, after a jury trial, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree and he appeals.

The first of defendant's four arguments is that Montgomery County lacked geographical jurisdiction to prosecute these crimes since his criminal conduct occurred in Schenectady County. We find no reason to disturb the jury's determination that geographic jurisdiction was established beyond a reasonable doubt. The record clearly establishes that conduct occurred within Montgomery County sufficient to establish an element of each crime (*see* CPL 20.40 [1] [a]). In any event, without having objected to the jurisdiction of the court at trial, defendant will not now be heard to contest this issue (*see People v Miller*, 27 AD3d 1017, 1018 [2006]; *People v Golston*, 13 AD3d 887, 889 [2004], *lv denied* 5 NY3d 789 [2005]).

Defendant's second argument is that the bench warrant was defective because Penal Law § 60.35 (8) provides for the issu-

ance of a summons if defendant fails to pay the surcharge. Defendant, however, overlooks the provisions of the CPL which allow the collection of a mandatory surcharge using the same procedures for the collection of a fine and which authorize the issuance of a warrant directing the production of defendant before the court (*see* CPL 420.35 [1]; 420.10 [3]).

Third, defendant argues that the strip search was conducted in violation of his constitutional rights. In the absence of a reasonable or founded suspicion that a person in custody is concealing weapons or contraband, a person in custody on a misdemeanor or other minor offense has a constitutional right to be free from warrantless strip searches (*see People v Kelley*, 306 AD2d 699, 700 [2003], *lv denied* 1 NY3d 598 [2004]; *People v Jennings*, 297 AD2d 644 [2002]). At the *Mapp* hearing, one of the Amsterdam police officers testified regarding a policy of conducting strip searches of every arrestee remanded to the local correctional facility. Notwithstanding the unconstitutionality of such a policy (*see Weber v Dell*, 804 F2d 796, 802 [1986], *cert denied sub nom. County of Monroe v Weber*, 483 US 1020 [1987]), here, not only were the Amsterdam police advised by the Schenectady police of their suspicion that defendant was secreting something in his pants, the Amsterdam police observed defendant, while in their patrol car, attempting to reach in his pants, causing the officer to conclude that the information from the Schenectady police was accurate and that defendant was attempting to remove something and secrete it in the police car. We conclude that the Amsterdam police properly formed a reasonable suspicion that defendant had contraband on his person and that the strip search was therefore reasonable. Consequently, County Court properly denied defendant's motion to suppress the physical evidence.

Lastly, we are unpersuaded by defendant's argument that a small break in the chain of custody of the cocaine rendered the evidence inadmissible. Defendant complains of a lack of evidence concerning the custody of the cocaine from 1:16 A.M. when it was taken from defendant to 3:38 A.M. when it was secured in the evidence locker. The police testified, however, that during this period of time, the cocaine was field tested and it was thereafter secured, and a complete chain of custody was testified to thereafter. Under the circumstances of this case, there are reasonable " 'assurances of the identity and unchanged condition of the evidence' " (*People v Beverly*, 5 AD3d 862, 864 [2004], *lv denied* 2 NY3d 796 [2004], quoting *People v Haggray*, 173 AD2d 962, 964 [1991], *lv denied* 78 NY2d 966 [1991]) such that the minor gap may be excused.

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.