■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES O. LITTLETON, Appellant. [861 NYS2d 478]—Mercure, J.P. Appeal from a judgment of the Supreme Court (Rowley, J.), rendered August 27, 2007 in Tompkins County, convicting defendant following a nonjury trial of the violation of harassment in the second degree.

At the conclusion of a nonjury trial, Supreme Court found defendant guilty, as charged, of harassment in the second degree. Defendant was thereafter sentenced in absentia to time served. The court also imposed an order of protection in favor of the victim, defendant's estranged wife. Defendant now appeals.

Initially, defendant's claim that Supreme Court failed to conduct an arraignment, as required by CPL 170.10, is not preserved for our review and we decline to reverse upon that ground in the interest of justice inasmuch as the court's exchange with defendant at his initial appearance adequately complied with the statutory requirements (*see* CPL 170.10 [2],

[3], [4]). Defendant further contends that he was illegally sentenced in absentia in violation of CPL 380.40. That statute requires a defendant to be personally present at sentencing, unless, in the case of a misdemeanor or petty offense, the defendant moves to dispense with this requirement and accompanies the motion with a waiver reciting the maximum sentence that may be imposed and relinquishing the right to be personally present (*see* CPL 380.40 [1], [2]; *People v Sparber*, 10 NY3d 457, 470 [2008]). While the sentencing transcript reveals that defendant was not present, there is no indication that a motion was made or that defendant executed a waiver, and the reason for defendant's absence is not discernible from the record (*cf. People v Gibson*, 41 AD3d 1298, 1299 [2007]). Accordingly, the matter must be remitted to Supreme Court for resentencing (*see People v Sparber*, 10 NY3d at 472).

Rose, Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the Supreme Court for resentencing; and, as so modified, affirmed.