■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH P. HALLENBECK, Appellant. [916 NYS2d 662]—

Egan Jr., J. Appeal from judgment of the Supreme Court (Czajka, J.), rendered January 13, 2010 in Columbia County, convicting defendant following a nonjury trial of the violation of harassment in the second degree.

Dianne Taylor and defendant are the parents of a 2½-year-old son. On May 21, 2009, Taylor went to defendant's residence in the Town of Chatham, Columbia County to drop off the child for court-ordered visitation. According to Taylor, during this exchange, defendant grabbed the child out of her arms, told her to get off his property, grabbed her around the throat and pushed her with his forearm. On July 6, 2009, Taylor signed a supporting deposition recounting this incident and requesting that defendant be arrested. On August 13, 2009, a criminal summons was issued by the Chatham Town Court which required defendant to appear in Town Court on August 19, 2009 for arraignment on a charge of harassment in the second degree.[1] In September 2009, Supreme Court issued an order transferring the case to its Integrated Domestic Violence (hereinafter IDV) part. In November 2009, the parties appeared in Supreme Court, but neither the court nor the prosecutor nor defendant's attorney had the information. Noting this, the court

1. There is no indication in the record that this arraignment occurred.

declined to conduct an arraignment and, with defendant's consent, scheduled a January 2010 trial date. At the conclusion of a nonjury trial, Supreme Court found defendant guilty of harassment in the second degree, and sentenced him to 15 days in jail.[2] Defendant now appeals.

Defendant first challenges Supreme Court's subject matter jurisdiction based on the absence of an accusatory instrument in its file. Generally, local criminal courts have trial jurisdiction over violations and misdemeanors (*see* CPL 10.30 [1] [a], [b]), and superior courts have jurisdiction over felonies (*see* CPL 10.20 [1] [a]). Each acquires subject matter jurisdiction over a particular matter by the filing of an accusatory instrument, such as a complaint, information or indictment (*see* CPL 1.20 [1], [24]; 100.10, 210.05; *People v Case*, 42 NY2d 98, 99-100 [1977]; *People v Harper*, 37 NY2d 96, 99 [1975]; *People v Doe*, 271 AD2d 29, 31 [2000], *lv denied* 95 NY2d 934 [2000]). While Supreme Court—a superior court under CPL 10.10—would not ordinarily have jurisdiction over a violation, in 2004, the Chief Judge established IDV parts with the goal of streamlining the litigation process by allowing "matters involving a single family to be resolved in one court by the same jurist, thereby eliminating fragmented judicial adjudication and relieving the parties of the burden and costs of having multiple actions pending in different courts" (*People v Correa*, 15 NY3d 213, 219 [2010]; *see* 22 NYCRR 41.1 [a] [1]). In an IDV case, the original jurisdiction of the local criminal court is transferred to Supreme Court by sending "[o]riginals or copies of papers and other documents filed in such court in connection with the case" (22 NYCRR 141.4 [a] [1]; *see* 22 NYCRR 41.1 [b]) to the IDV part, where all further proceedings are to be conducted (*see* 22 NYCRR 141.4 [a] [2]). Here, the parties stipulated that a summons and accusatory information were filed with Town Court and, accordingly, at the time this criminal action was commenced, subject matter jurisdiction was acquired. Jurisdiction over the matter was then transferred to Supreme Court's IDV part (*see* 22 NYCRR 41.1 [b]; 141.1 [b]; *People v Correa*, 15 NY3d at 233), regardless of the subsequent absence of the accusatory instrument in Supreme Court's file.

Next, defendant's claim that Supreme Court failed to conduct an arraignment—as required by CPL 170.10 (1)—is not preserved for our review (*see People v Littleton*, 53 AD3d 801, 801 [2008]; *People v Banks*, 38 AD3d 938, 939 [2007], *lv denied* 9 NY3d 840 [2007]; *People v Miller*, 27 AD3d 1017, 1017-1018 [2006]), and we decline to reverse upon that ground in the inter-

---

2. Defendant's sentence was stayed by an order of this Court.

est of justice (*see* CPL 470.15 [6] [a]) inasmuch as defendant appeared in court with his attorney and submitted to the court's jurisdiction, consented to the assignment of a trial date and then proceeded to trial fully aware of the charge asserted against him—as evidenced by defense counsel's cross-examination of Taylor (*see People v Miller*, 27 AD3d at 1018; *People v Rodabaugh*, 26 AD3d 598, 600 [2006]; *People v Golston*, 13 AD3d 887, 889 [2004], *lv denied* 5 NY3d 789 [2005]; *People v Jackson*, 32 AD2d 590, 590 [1969]; *People v Jordan*, 20 AD2d 583 [1963]).

Finally, we find that the sentence imposed was not harsh and excessive, even though Supreme Court imposed the maximum sentence permitted by law (*see* CPL 470.15 [6] [b]; Penal Law § 70.15 [4]; § 240.26). Supreme Court found that defendant's conduct placed the child in danger of physical and emotional harm. Accordingly, we discern no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence imposed (*see People v Sabin*, 73 AD3d 1390, 1391 [2010], *lv denied* 15 NY3d 809 [2010]; *People v Fairley*, 63 AD3d 1288, 1290-1291 [2009], *lv denied* 13 NY3d 743 [2009]).

Mercure, J.P., Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the Supreme Court for further proceedings pursuant to CPL 460.50 (5).