OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, on the law, the order issued June 25, 2009 is vacated, the People’s motion to vacate the adjournment in contemplation of dismissal and to restore the case to the trial calendar is denied, and the accusatory instrument is dismissed.
At a pretrial hearing on December 11, 2008, the Justice Court granted defendant, who at that point was representing himself, an adjournment in contemplation of dismissal (ACD). Subsequently, the People moved to vacate the ACD and restore the case to the trial calendar. In support of their motion, the People asserted that the Justice Court did not have the power to grant the ACD because it had never arraigned defendant and because the People had not consented to the ACD (see CPL 170.55 [1]), but had merely agreed to consider offering their assent. The People further argued that, in any event, the Justice Court should vacate the ACD and restore the case to the trial calendar because “dismissal of the accusatory instrument would not be in furtherance of justice” (CPL 170.55 [2]).
On June 25, 2009, defendant appeared in court represented by counsel, contending that the People had not advanced legitimate grounds to vacate the ACD. The Justice Court granted the People’s motion on the ground that it had never arraigned defendant and that neither party had consented to the ACD. *16 Thereafter, the matter proceeded to a nonjury trial, and defendant was convicted of attempted assault in the third degree (Penal Law §§ 110.00, 120.00).
An arraignment confers personal jurisdiction over a criminal defendant (see CPL 1.20 [9]). Even assuming that the People had standing to raise the issue of the Justice Court’s failure to arraign defendant, “lack of personal jurisdiction being a defense typically personal to defendants themselves” (People v Doe, 271 AD2d 29, 31 [2000]), defendant’s appearance in court and participation in the proceedings were sufficient to establish personal jurisdiction over him (see People v Hallenbeck, 81 AD3d 1077, 1078-1079 [2011]; People v Golston, 13 AD3d 887, 889 [2004]) and provide a jurisdictional basis for imposing the ACD. Moreover, the record demonstrates that both the People and defendant knowingly and voluntarily consented to the ACD.
With respect to the merits, a court may vacate an ACD and restore a case to the trial calendar “upon a determination that dismissal of the accusatory instrument would not be in furtherance of justice” (CPL 170.55 [2]). This typically occurs when a defendant violates an imposed condition of the ACD (see Hollender v Trump Vil. Coop., 58 NY2d 420, 424 [1983]; People v Verardi, 158 Misc 2d 1039, 1042-1043 [Crim Ct, Kings County 1993, Cross, J.]).
In this case, the Justice Court informed defendant that as long as “there’s no repetition of anything, or it doesn’t happen again, [this case is] going to go away in a year.” The record is devoid of any indication that defendant violated this condition of the ACD or that the People even challenged the ACD on this ground. Instead, the People argue that the condition of the ACD that required the complainant to timely submit her therapist’s report to the Justice Court had not been complied with and, thus, that defendant had violated the ACD. However, the Justice Court did not have the authority to condition defendant’s ACD upon compliance by a third party (see CPL 170.55 [3]-[7]). As the People failed to show that defendant had violated any condition imposed upon him, the People did not proffer any legitimate grounds to vacate the ACD. Accordingly, as the conditions of the ACD have been complied with, the judgment of conviction is reversed, the order issued June 25, 2009 granting the People’s motion to vacate the ACD and to restore the case to the trial calendar is vacated, the People’s motion is denied and the accusatory *17 instrument is dismissed in furtherance of justice (see CPL 170.55 [2]).
In light of our disposition, we reach no other issue.
Nicolai, EJ., LaCava and Iannacci, JJ., concur.