Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  January 21, 2016                    106728
                                                          106738
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

DELAISIA LUCKERSON, Also Known
    DELAISIA HASBROUCK,
                        Appellant.
_____

Calendar Date:  November 18, 2015

Before:  Peters, P.J., Garry, Egan Jr., Rose and Devine, JJ.

                        _____


        Theodore J. Stein, Woodstock, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

                        _____


Garry, J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered March 13, 2014, convicting defendant
upon her plea of guilty of the crimes of grand larceny in the
third degree and criminal sale of a controlled substance in the
third degree.

        In 2013, defendant was charged in an indictment with two
counts of grand larceny in the third degree related to her
receipt of unemployment benefits to which she was not entitled.
Subsequently, a second indictment stemming from a separate
incident charged her with three counts of criminal sale of a
controlled substance in the third degree and three counts of

criminal possession of a controlled substance in the third
degree.  In full satisfaction of both indictments, defendant
plead guilty to one count of grand larceny in the third degree
and one count of criminal sale of a controlled substance in the
third degree and waived her right to appeal.  She was then
sentenced to concurrent prison terms of 1 to 3 years on the grand
larceny count and three years on the criminal sale of a
controlled substance count, to be followed by two years of
postrelease supervision (hereinafter PRS).  Defendant appeals.

Initially, defendant failed to preserve her argument that
she was not arraigned on the charges of grand larceny in the
third degree, in violation of CPL 180.10 (see People v
Hallenbeck, 81 AD3d 1077, 1078 [2011]).  To the extent that this
argument implicates County Court's jurisdiction, defendant
consented to such jurisdiction through her subsequent appearance
and entry of a plea (see People v Miller, 27 AD3d 1017, 1018
[2006]; People v Golston, 13 AD3d 887, 889 [2004], lv denied 5
NY3d 789 [2005]; People v Roberts, 6 AD3d 942, 943 [2004], lv
denied 3 NY3d 662 [2004]).

Defendant's challenge to the sufficiency of the allegations
in the indictments is similarly unpreserved for our review and
waived by her guilty plea (see People v Cruz, 104 AD3d 1022, 1024
[2013]; People v Brown, 75 AD3d 655, 656 [2010]).  In any event,
the indictments, as amplified by the People's responses to County
Court's discovery orders, provided defendant with "sufficient
notice of the accusations against [her] to enable [her] to
prepare a defense" (People v Perez, 93 AD3d 1032, 1035 [2012],
lvs denied 19 NY3d 1000 [2012]).

Finally, the record belies defendant's argument that she
was not adequately apprised that her sentence would include a
period of PRS.  Defendant was informed during the plea
proceedings that, in exchange for her plea, she would receive a
sentencing recommendation that would include, as is relevant
here, two years of PRS.  County Court further advised her that if
she accepted the plea, she faced a maximum possible prison
sentence of nine years that would include two years of PRS.
Defendant failed to object to the imposition of PRS, either

during the plea proceedings in January 2014 or at her subsequent sentencing in March 2014, nor did she move to withdraw her plea by a postallocution motion.  Thus, as defendant had knowledge of the PRS component of her plea and an "ample opportunity to raise an objection" prior to the imposition of the sentence, her failure to do so renders her contention unpreserved for our review (People v Crowder, 24 NY3d 1134, 1136-1137 [2015]; see People v Murray, 15 NY3d 725, 726-727 [2010]; People v Medina, 129 AD3d 1385, 1386 [2015]).

Peters, P.J., Egan Jr., Rose and Devine, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court