The People of the State of New York, Respondent,
against
Orlando Scott, Appellant.




Calhoun & Lawrence, LLP (Clinton W. Calhoun, III of counsel), for appellant.
Westchester County District Attorney (William C. Milaccio and Christine DiSalvo of counsel), for respondent.

Appeal from a judgment of the City Court of Mount Vernon, Westchester County (William Edwards, J., at plea; Mark A. Gross, J., at sentence), rendered June 18, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the second degree and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a felony complaint with criminal contempt in the first degree (Penal Law § 215.51 [b]). Thereafter, the People filed a misdemeanor information charging defendant with criminal contempt in the second degree (Penal Law § 215.50 [3]) to replace the felony complaint, and defendant, after indicating that he was satisfied with the representation of his attorney, pleaded guilty thereto. On appeal, assigned counsel submitted an Anders brief (see Anders v California, 386 US 738 [1967]). Upon finding that the Anders brief was inadequate, this court held the appeal in abeyance and new counsel was assigned to prosecute the appeal (see 56 Misc 3d 127[A], 2017 NY Slip Op 50814[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). New counsel has submitted a brief arguing that the court failed to dismiss the felony charge upon the filing of the information charging defendant with criminal contempt in the second degree.
The record clearly demonstrates that the filing of the misdemeanor information charging defendant with criminal contempt in the second degree was to replace the felony complaint charging defendant with criminal contempt in the first degree and that the felony complaint was then dismissed and no longer pending against defendant. This is so notwithstanding the fact that the City Court did not expressly state that the felony complaint was "dismissed" upon its replacement by the information but, rather, incorrectly stated that the felony charge had been "reduced" (cf. CPL 180.50). After defendant pleaded guilty to the charge of criminal contempt in the second degree (Penal Law § 215.50 [3]), there were no other charges pending against him.
While defense counsel further contends that the court should have arraigned defendant upon the filing of the new accusatory instrument and informed him of his rights in the manner provided for in CPL 170.10, under the circumstances presented, this claim of procedural error was forfeited by defendant's guilty plea (see People v Williams, 25 Misc 3d 15 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; People v Kaleda, 21 Misc 3d 126[A], 2008 NY Slip Op 51894[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; see generally People v Judd, 111 AD3d 1421 [2013]; People v Hallenbeck, 81 AD3d 1077 [2011]; People v Roberts, 6 AD3d 942 [2004], lv denied 3 NY3d 662 [2004]).
Accordingly, the judgment of conviction is affirmed.
BRANDS, J.P., TOLBERT and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 31, 2018