The People of the State of New York, Respondent,
against
Sandra Robinson, Appellant.




Calhoun & Lawrence, LLP (Clinton W. Calhoun, III of counsel), for appellant.
Westchester County District Attorney (Raffaelina Gianfrancesco and Steven A. Bender of counsel), for respondent.

Appeal from a judgment of the City Court of New Rochelle, Westchester County (Susan I. Kettner, J., at plea; Anthony A. Carbone, J., at sentencing), entered June 23, 2016. The judgment convicted defendant, upon her plea of guilty, of menacing in the second degree and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a felony complaint with attempted robbery in the third degree (Penal Law §§ 110.00, 160.05) and attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [1]). Thereafter, the People filed an accusatory instrument charging defendant with menacing in the second degree (Penal Law § 120.14 [1]), a class A misdemeanor, and defendant pleaded guilty thereto.
Contrary to defendant's contention, this case does not involve the reduction of the charges in the felony complaint, pursuant to CPL 180.50, but rather the "dismiss[al] altogether" (People v Johnson, 5 NY3d 752, 752 [2005]) of the felony complaint, and the filing of a new accusatory instrument containing a completely different charge, a misdemeanor, based upon the same incident (see People v Scott, ___ Misc 3d ___, 2018 NY Slip Op 50815[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). While the City Court did not expressly state that the felony complaint was "dismissed," the record indicates that the prosecutor stated to the court that the guilty plea to menacing in the second degree was in full satisfaction of all of the charges previously filed and that no charges other than the one set forth in the new accusatory instrument was pending, to which the court acquiesced.
While defendant further contends that the City Court should have arraigned her upon the [*2]filing of the new accusatory instrument and informed her of her rights in the manner provided for in CPL 170.10, under the circumstances presented, this claim of procedural error was forfeited by her guilty plea (see Scott, ___ Misc 3d ___, 2018 NY Slip Op 50815[U]; People v Williams, 25 Misc 3d 15 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; People v Kaleda, 21 Misc 3d 126[A], 2008 NY Slip Op 51894[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; see generally People v Judd, 111 AD3d 1421 [2013]; People v Hallenbeck, 81 AD3d 1077 [2011]; People v Roberts, 6 AD3d 942 [2004], lv denied 3 NY3d 662 [2004]).
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, J.P., TOLBERT and BRANDS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk