People v Tiul-Putul (2022 NY Slip Op 06963)

People v Tiul-Putul

2022 NY Slip Op 06963

Decided on December 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 8, 2022

112912
[*1]The People of the State of New York, Respondent,
v
Romaldo Tiul-Putul, Appellant.

Calendar Date:October 20, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and McShan, JJ.

Theodore J. Stein, Woodstock, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of Ulster County (James R. Farrell, J.), rendered January 31, 2020, convicting defendant upon his plea of guilty of the crime of attempted rape in the second degree.
Defendant waived indictment and pleaded guilty to a superior court information charging him with attempted rape in the second degree with the understanding that he would be sentenced to a prison term of four years, to be followed by 10 years of postrelease supervision. The charge stemmed from him allegedly having sexual intercourse with a 12-year-old girl. The plea agreement also required defendant to waive his right to appeal. County Court thereafter imposed the agreed-upon sentence and this appeal ensued.
We affirm. Initially, we find that defendant's waiver of the right to appeal is invalid. The written waiver contained overbroad language that mischaracterized the rights being waived and County Court "failed to ensure that defendant understood the distinction that some appellate review survived the appeal waiver" (People v Carney, 207 AD3d 1000, 1000 [3d Dept 2022] [internal quotation marks and citations omitted]; see People v Streater, 207 AD3d 952, 953 [3d Dept 2022], lv denied ___ NY3d ___ [Oct. 6, 2022]). As defendant's waiver of the right to appeal is unenforceable, to the extent that defendant challenges the severity of the sentence imposed, that claim is not precluded. Nevertheless, although defendant received the maximum sentence for the crime to which he pleaded guilty, considering the nature of the offense, the fact that he agreed to the sentence and that the plea agreement permitted him to plead guilty to a reduced charge, we discern no basis upon which to disturb the sentence as unduly harsh or severe (see CPL 470.15 [6] [b]; People v Patterson, 119 AD3d 1157, 1158-1159 [3d Dept 2014], lv denied 24 NY3d 1046 [2014]; People v Shan, 117 AD3d 1098, 1099 [3d Dept 2014], lv denied 23 NY3d 1042 [2014]).
Defendant's challenge to the propriety of his arraignment is unpreserved for our review as he failed to raise this issue before County Court (see People v Luckerson, 135 AD3d 1186, 1187 [3d Dept 2016]; People v Hallenbeck, 81 AD3d 1077, 1078 [3d Dept 2011]). To the extent that his claim implicates County Court's jurisdiction, defendant submitted to the court's jurisdiction through his subsequent appearances and his guilty plea (see People v Luckerson, 135 AD3d at 1187; People v Miller, 27 AD3d 1017, 1018 [3d Dept 2006]; see also People v Roberts, 6 AD3d 942, 943 [3d Dept 2004], lv denied 3 NY3d 662 [2004]). Defendant's related claim that counsel was ineffective for not challenging the propriety of the arraignment is without merit, as the record reflects that the arraignment adequately complied with the statutory requirements (see CPL 180.10).
Defendant's remaining claims that he was denied the effective assistance of counsel impact the voluntariness of his plea, but have not been preserved by an appropriate postallocution motion [*2](see People v Harris, 201 AD3d 1030, 1031 [3d Dept 2022], lv denied 38 NY3d 950 [2022]; People v Brewster, 194 AD3d 1266, 1267 [3d Dept 2021], lv denied 37 NY3d 970 [2021]), and the narrow exception to the preservation rule is inapplicable here (see People v Devins, 206 AD3d 1365, 1366-1367 [3d Dept 2022]; People v Washington, 206 AD3d 1278, 1280 [3d Dept 2022], lv denied ___ NY3d ___ [Oct. 27, 2022]).
Egan Jr., J.P., Lynch, Aarons and McShan, JJ., concur.
ORDERED that the judgment is affirmed.