People v Renner (2024 NY Slip Op 50193(U))

[*1]

People v Renner (Yon)

2024 NY Slip Op 50193(U)

Decided on February 8, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 8, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2022-648 OR CR

The People of the State of New York, Respondent,
against
Yon R. Woodson Renner, Appellant. 

Yon R. Woodson Renner, appellant pro se.
Orange County District Attorney (Andrew R. Kass of counsel), for respondent.

Appeal from a judgment of the City Court of Middletown, Orange County (Steven W. Brockett, J.), rendered July 21, 2022. The judgment convicted defendant, upon a jury verdict, of criminal trespass in the second degree and criminal contempt in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged with one count of criminal trespass in the second degree (Penal Law § 140.15 [1]) and one count of criminal contempt in the second degree (Penal Law § 215.50 [3]).
After the issuance of a bench warrant for defendant's arrest due to her failure to appear in court on April 29, 2022, defendant was remanded without bail. A jury trial was scheduled for June 13, 2022. On June 10, 2022, defendant appeared with counsel and the court informed defendant, that if she failed to appear in court for trial, the trial would proceed in her absence (see People v Parker, 57 NY2d 136 [1982]). When the case was called for trial, defendant was not present, and the court conducted an inquiry to determine whether the trial should proceed in defendant's absence. The court was advised by defense counsel that defendant had refused to leave her jail cell. The court also referred to email correspondence between his court clerk and the jail personnel indicating that defendant would not leave her cell to appear at trial. The court instructed his clerk to contact the Sheriff and have him ask defendant to appear in person or virtually for trial. The court was subsequently informed that defendant was refusing to leave her cell or appear virtually. The court determined that defendant deliberately absented herself from the trial and the court conducted a trial in absentia.
At the jury trial, a certified copy of an order of protection that was in effect from August 21, 2019 to August 21, 2021 was admitted into evidence which contained a stay-away provision from, among other things, defendant's ex-husband's home. The order also indicated that the court had advised defendant of its issuance and contents and that she was personally served in court with a copy of the order.
Defendant's ex-husband testified that, on December 4, 2019, he saw defendant on his security video at his home unlocking the front door and entering his home, with the aid of another individual, in violation of the order of protection that was in effect. He further testified that he saw defendant in court on the day the order was issued and that he observed the court inform her of the contents of the order and serve her with a copy of the order. Following the trial, defendant was convicted of criminal trespass in the second degree and criminal contempt in the second degree, and sentence was imposed.
On appeal, defendant contends that the trial court violated her right to be present in the courtroom during her trial, that the evidence was legally insufficient to establish her guilt of the charges beyond a reasonable doubt, that the verdict was against the weight of the evidence, that she was never arraigned on the charges and that she was denied the right to the effective assistance of counsel because, among other grounds, no trial order of dismissal was sought raising as an issue that the proof at trial did not establish that she had knowledge of the order of protection.
"A defendant's right to be present at a criminal trial is encompassed within the confrontation clauses of the State and Federal Constitutions (NY Const, art I, § 6; US Const 6th Amdt) and the Criminal Procedure Law (CPL 260.20, 340.50). Of course the right to be present may, as a general matter, be waived under both Constitutions" (People v Parker, 57 NY2d at 139, citing Diaz v United States, 223 US 442 [1912] and People v Byrnes, 33 NY2d 343 [1974]). "[A] defendant may forfeit [her] right to be present when [her] conduct unambiguously indicates a defiance of the processes of law" (People v Hendrix, 63 AD3d 958, 958 [2009] [internal quotation marks omitted]; see People v Redzeposki, 7 NY3d 725, 726 [2006]; People v Amato, 172 AD2d 545, 545 [1991]). "Whenever there is a waiver by an incarcerated defendant it will be suspect and subjected to careful examination. If a judicial inquiry discloses the slightest hint of official connivance or obstruction with respect to the defendant's right to be present at [her] trial, that waiver will not be operative" (People v Epps, 37 NY2d 343, 350 [1975]). However, the court is not required to send officers into a defendant's cell to bind and shackle the defendant and deliver her by force, merely so that she can waive in court her right to be present at trial (id. at 351). In determining whether a defendant has refused to be present for trial, a court may consider reliable information from court and correction personnel (see People v Harrell, 168 AD3d 591, 592 [2019]; People v Romance, 35 AD3d 201 [2006]; People v Trubin, 304 AD2d 312 [2003] [a communication received by the court from the Department of Correction is sufficient to establish a defendant's waiver to be present at trial]).
Here, the court did not improvidently exercise its discretion in trying defendant in absentia. The record establishes that defendant was informed, in accordance with Parker (57 NY2d at 140), of her right to be present at trial as well as the consequences of failing to appear. "[I]n determining that defendant had, in fact, refused to be present, the court properly acted on reliable information from court and correction personnel" that defendant refused to leave her cell or appear virtually (Harrell, 168 AD3d at 592; Trubin, 304 AD2d at 312). 
Defendant failed to preserve her challenge to the legal sufficiency of the evidence, as defendant's counsel did not make a motion to dismiss at the close of all of the evidence (see People v Hawkins, 11 NY3d 484, 492-493 [2008]; People v Hines, 97 NY2d 56 [2001]; People v Gray, 86 NY2d 10, 19-20 [1995]). In any event, viewing the evidence in the light most favorable to the People (see People v Delamota, 18 NY3d 107, 113 [2011]; People v Acosta, 80 NY2d 665, 672 [1993]), we find that the evidence adduced at trial was legally sufficient to establish defendant's guilt of criminal trespass in the second degree and criminal contempt in the second degree beyond a reasonable doubt (see generally People v Danielson, 9 NY3d 342, 349 [2007]). Furthermore, upon exercising our factual review power (see CPL 470.15 [5]; Danielson, 9 NY3d at 348-349), while according great deference to the jury's credibility determinations (see People v Romero, 7 NY3d 633, 644 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we are satisfied that the verdict was not against the weight of the evidence (see People v Martin, 52 Misc 3d 140[A], 2016 NY Slip Op 51166[U] [App Term, 2d [*2]Dept, 2d, 11th & 13th Jud Dists 2016]; People v Celifie, 47 Misc 3d 133[A], 2015 NY Slip Op 50466[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]).
Contrary to defendant's contention, defense counsel cannot be faulted for failing to move for a trial order of dismissal on the ground that there was no proof establishing that she had knowledge of the order of protection, as such a motion would have had little or no chance of success based on the order of protection itself and the trial testimony of the victim (see People v Ennis, 11 NY3d 403, 415 [2008]; People v Caban, 5 NY3d 143, 152 [2005]; People v Stultz, 2 NY3d 277, 287 [2004]; People v Moss, 138 AD3d 761, 762 [2016]). Overall, the record reflects that counsel pursued a rational trial strategy, delivered coherent opening and closing statements, and effectively cross-examined the prosecution's witnesses (see People v Jenkins, 103 AD3d 753, 753 [2013]; People v Alexander, 56 AD3d 793, 793 [2008]). Therefore, defense counsel provided defendant with meaningful representation in accordance with both the federal and state standards (see US Const 6th Amend; NY Const, art I, § 6; Strickland v Washington, 466 US 668, 687 [1984]; People v Benevento, 91 NY2d 708, 713 [1998]). As defendant's complaint concerning counsel's effectiveness is partially predicated on factors outside the record, such claim must be raised via a CPL 440.10 motion.
Defendant's contention that no arraignment took place is not preserved for our review (see People v Littleton, 53 AD3d 801 [2008]; People v Banks, 38 AD3d 938, 939 [2007]). In any event, this error is not fundamental, and, "inasmuch as defendant appeared in court with [an] attorney and submitted to the court's jurisdiction, consented to the assignment of a trial date and . . . proceeded to trial fully aware of the charge[s] asserted," defendant suffered no prejudice by the procedure followed (People v Hallenbeck, 81 AD3d 1077, 1079 [2011]; see People v Brigandi, 57 Misc 3d 5, 7 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Repanti, 40 Misc 3d 131[A], 2013 NY Slip Op 51132[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2013], affd 24 NY3d 706 [2015]).
Accordingly, the judgment of conviction is affirmed.
DRISCOLL, J.P., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 8, 2024