People v Sweeney (2026 NY Slip Op 00550)

People v Sweeney

2026 NY Slip Op 00550

Decided on February 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 5, 2026

CR-25-0032
[*1]The People of the State of New York, Respondent,
vJake B. Sweeney, Appellant.

Calendar Date:January 8, 2026

Before:Garry, P.J., Ceresia, Fisher, McShan and Mackey, JJ.

Hug Law, PLLC, Albany (Matthew C. Hug of counsel), for appellant.
Brett R. Eby, District Attorney, Ballston Spa (Jesse L. Ashdown of counsel), for respondent.

Mackey, J.
Appeal from a judgment of the County Court of Saratoga County (James Murphy III, J.), rendered October 12, 2023, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In March 2020, defendant appeared before County Court on charges related to his alleged illegal possession of a loaded handgun. During this initial appearance, in full satisfaction of a 10-count indictment, defendant pleaded guilty to criminal possession of a weapon in the second degree, admitting that he knowingly possessed a loaded and operable firearm away from his home or place of business. Pursuant to the plea agreement, which required that he waive his right to appeal, defendant was promised a prison sentence of 4½ years, to be followed by a period of postrelease supervision not exceeding five years. Defendant was given Parker warnings and released on bail, but he failed to appear for his sentencing. A bench warrant was issued for defendant's arrest and, once in custody, defendant appeared before County Court in August 2023 and was remanded. In October 2023, defendant agreed to an enhanced prison sentence of 5½ years, to be followed by a period of postrelease supervision not exceeding five years, in lieu of an Outley hearing. County Court thereafter imposed the agreed-upon sentence of 5½ years, to be followed by five years of postrelease supervision. Defendant appeals.
We affirm. We find no merit in defendant's argument that County Court failed to obtain personal jurisdiction over him by failing to meet the statutory requirements of a valid arraignment. Defendant was present at the arraignment and represented by counsel, who acknowledged receipt of the indictment and waived a formal reading of the same. Accordingly, the statutory requirements for a valid arraignment, which do not include that defendant enter a plea, were met (see CPL 1.20 [9], [10]; 210.15; People v Brooks, 118 AD3d 1123, 1123 [3d Dept 2014], lv denied 24 NY3d 959 [2014]; People v Oakley, 112 AD3d 1064, 1064 [3d Dept 2013], lv denied 22 NY3d 1140 [2014]; see also People v Cook, 134 AD3d 1241, 1242-1243 [3d Dept 2015], lv denied 26 NY3d 1143 [2016]).[FN1] Furthermore, "a failure to arraign does not prejudice the rights of a defendant who pleads guilty" (People v Roberts, 6 AD3d 942, 943 [3d Dept 2004], lv denied 3 NY3d 662 [2004]) and "defendant submitted to the court's jurisdiction through his subsequent appearances and his guilty plea" (People v Tiul-Putul, 211 AD3d 1184, 1185 [3d Dept 2022]; see People v Luckerson, 135 AD3d 1186, 1187 [3d Dept 2016]; see also People v Miller, 27 AD3d 1017, 1017-1018 [3d Dept 2006]).
Turning to defendant's remaining arguments, we disagree with defendant's assertion that the waiver of his right to appeal is invalid. We find this written waiver contains overbroad and inaccurate language. However, using language similar to that of the model colloquy, County Court advised defendant of the separate and distinct nature of [*2]the waiver of the right to appeal and that appellate review remained available for certain issues that survived the waiver, providing specific examples of nonwaivable issues (see People v Thomas, 34 NY3d 454, 564 [2019]; People v Martin, 243 AD3d 968, 970 [3d Dept 2025]; People v Lesson, 241 AD3d 1051, 1055 [3d Dept 2025], lv denied 44 NY3d 1028 [2025]; People v Murauskas, 240 AD3d 1007, 1008 [3d Dept 2025], lv denied 43 NY3d 1057 [2025]; compare People v Buchas, 226 AD3d 1217, 1218 [3d Dept 2024]). The court further determined that defendant understood that not all appellate issues were foreclosed, and defendant confirmed he had discussed the waiver and his appellate rights with defense counsel, his questions had been answered, he had no further questions of the court and he understood his appellate rights and the consequences of the waiver (see People v Thomas, 34 NY3d at 560; People v Lesson, 241 AD3d at 1055; People v Murauskas, 240 AD3d at 1008; compare People v Guilianelle, 233 AD3d 1179, 1180 [3d Dept 2024], lv denied 43 NY3d 1009 [2025]). Thus, despite the overly broad language in the written waiver, the court's oral colloquy cured this defect by ensuring that defendant understood that some appellate review survived, and we find the record is sufficient to demonstrate that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Thomas, 34 NY3d at 559-560; People v Sealey, 234 AD3d 1184, 1185 [3d Dept 2025]; People v Smith, 232 AD3d 942, 942-943 [3d Dept 2024]). Accordingly, the valid appeal waiver precludes defendant's challenge to the severity of his sentence (see People v Sutton, 237 AD3d 1317, 1318 [3d Dept 2025]; People v Williams, 235 AD3d 1066, 1067 [3d Dept 2025]; People v Patterson, 228 AD3d 1138, 1139 [3d Dept 2024]).
Garry, P.J., Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: "Under the CPL 'arraignment' does not include entry of a plea: it is the occasion upon which the defendant is apprised of the charge, advised of his or her rights and submits to the control of the court" (Peter Preiser, Prac Commentaries, McKinney's Cons Laws of NY, CPL 170.10 [citation omitted]).