■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC TORRES, Appellant. [740 NYS2d 914] —Appeal from a judgment of Supreme Court, Monroe County (Sirkin, J.), entered May 11, 1999, convicting defendant upon his plea of guilty of assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that Supreme Court erred in failing to ascertain his mental condition before accepting the plea. Defendant failed to preserve his contention for our review (*see People v Lopez,* 71 NY2d 662, 665; *People v Ames,* 184 AD2d 1083, *lv denied* 80 NY2d 1025) and, in any event, it lacks merit. Contrary to the contention of defendant, his competency had been adjudicated in the local criminal court, and during the plea colloquy the court specifically ascertained that defendant was in "good physical and mental health" and that his epilepsy medication had no impact upon his comprehension of the proceedings. Defendant further contends that he was denied effective assistance of counsel. To the extent that the contention of defendant survives his plea of guilty (*see People v Burke,* 256 AD2d 1244, *lv denied* 93 NY2d 851), we conclude that it lacks merit (*see generally People v Baldi,* 54 NY2d 137, 147). "Counsel's efforts to persuade defendant that a guilty plea would be in his best interest, described by defendant on appeal as 'unrelenting pressure,' amounted to nothing more than 'competent counsel's candid advice about

the risks of going to trial'" (*People v Joseph*, 284 AD2d 197, 197, *lv denied* 96 NY2d 940; *see also People v Coco*, 220 AD2d 312, 313, *lv denied* 86 NY2d 872). Present—Pigott, Jr., P.J., Hayes, Burns, Gorski and Lawton, JJ.