THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. PROKOPIENKO, Appellant. (Appeal No. 1.) [— NYS2d —]—

Appeal from a judgment of the Supreme Court, Oneida County (Bernadette T. Romano, J.), rendered February 3, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and the matter is remitted to Supreme Court, Oneida County, for further proceedings on the misdemeanor complaint.

Memorandum: In appeal No. 1, defendant appeals from a judgment that, according to the certificate of conviction, convicted him upon his guilty plea of criminal contempt in the second degree (Penal Law § 215.50 [3]) and, in appeal No. 2, he appeals from a judgment that revoked a sentence of probation upon his conviction of criminal contempt in the second degree separate from that in appeal No. 1 and imposed a sentence of incarceration.

With respect to appeal No. 1, we reject defendant's contention that Supreme Court erred in reopening the action, which had been adjourned in contemplation of dismissal (ACD) pursuant to CPL 170.55. The ACD was granted on July 23, 2007, and the People moved to reopen the action on March 28, 2008, well within the statutory one-year period (*see* CPL 170.55 [2]; CPL

530.11 [former (1)]). Likewise, there is no merit to the contention of defendant that the court violated CPL 380.50 (1) on August 4, 2008. That statute concerns statements at sentencing, and defendant was not sentenced on that date. The further contention of defendant in appeal No. 1 that his waiver of the right to appeal is unenforceable is misplaced inasmuch as that waiver concerns only appeal No. 2.

Nevertheless, we conclude with respect to appeal No. 1 that the apparent contention of defendant that he was not convicted of the charge of criminal contempt in the second degree at issue in that appeal has merit. Defendant's acceptance of an ACD on that charge does not constitute a conviction of that crime. We therefore reverse the judgment in appeal No. 1 and remit the matter to Supreme Court for further proceedings on the misdemeanor complaint (*see generally People v Carnett*, 19 AD3d 703 [2005]).

With respect to appeal No. 2, defendant contends that the court erred in imposing a sentence of probation without eliciting a guilty plea from him, and that his waiver of the right to appeal is unenforceable "because the entire proceeding was illegal." Although we are not entirely satisfied with the manner in which the court conducted the plea allocution in connection with that underlying judgment of conviction, we note that defendant's instant contentions concerning that plea proceeding are not properly before us on this appeal from the subsequent judgment in appeal No. 2 revoking the sentence of probation (*see People v Lawlor*, 49 AD3d 1270 [2008], *lv denied* 10 NY3d 936 [2008]). Finally, the contention of defendant in appeal No. 2 that the court erred in sentencing him to a period of probation without affording him an opportunity to make a statement on his own behalf as required by CPL 380.50 (1) also is not properly before us on this appeal from the subsequent judgment in appeal No. 2 revoking the sentence of probation (*see Lawlor*, 49 AD3d 1270 [2008]). Present—Centra, J.P., Fahey, Carni, Green and Pine, JJ.