# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1021.1**
**KA 13-01080**
PRESENT: CENTRA, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

STEVEN T. CARLISLE, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

STEVEN T. CARLISLE, DEFENDANT-APPELLANT PRO SE.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (PATRICIA L. DZIUBA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered May 31, 2013. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of sexual abuse in the first degree (Penal Law § 130.65 [3]) and sentencing him to a definite term of imprisonment. Defendant contends that his admission to the violation of probation was not voluntary, but "[b]y failing to move to withdraw his admission to the violation of probation or to vacate the judgment revoking the sentence of probation on that ground," defendant failed to preserve that contention for our review (*People v Rodriguez*, 74 AD3d 1858, 1858, *lv denied* 15 NY3d 809; *see People v Torres*, 294 AD2d 865, 865, *lv denied* 99 NY2d 540; *see generally People v Lopez*, 71 NY2d 662, 665-666). This case does not fall within the narrow exception to the preservation doctrine (*see Lopez*, 71 NY2d at 666), and we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]). Inasmuch as the contentions of defendant in his pro se supplemental brief relate solely to the validity of his plea of guilty to the underlying crime of sexual abuse in the first degree and the original sentence of probation, those contentions are not properly before us (*see People v Prokopienko*, 72 AD3d 1528, 1529; *People v Ralston*, 303 AD2d 1010, 1011; *see generally People v Smith*, 21 AD3d 1360, 1360, *lv denied* 5 NY3d 885; *People v*

*Luddington*, 5 AD3d 1042, 1042, *lv denied* 3 NY3d 643).