People v Williams (2018 NY Slip Op 07918)





People v Williams


2018 NY Slip Op 07918


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND TROUTMAN, JJ.


1257 KA 13-00723

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CURTIS WILLIAMS, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered February 7, 2013. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon a jury verdict, of criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31). In appeal No. 2, defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of rape in the third degree (§ 130.25 [2]) and imposing a sentence of incarceration upon defendant's admission that he violated the terms and conditions of his probation. We affirm in both appeals.
In appeal No. 1, defendant contends that the evidence is legally insufficient to support the conviction because the People failed to submit sufficient evidence of a transfer of a controlled substance between defendant and the buyer. We reject that contention (see generally People v Danielson, 9 NY3d 342, 349 [2007]). Defendant's further contention that the evidence is legally insufficient to establish that he had the necessary means to complete the drug sale is unpreserved for our review because he did not raise that contention until his CPL 330.30 motion (see People v Simmons, 111 AD3d 975, 977 [3d Dept 2013], lv denied 22 NY3d 1203 [2014]; see generally People v Gray, 86 NY2d 10, 19 [1995]; People v Mills, 28 AD3d 1156, 1157 [4th Dept 2006], lv denied 7 NY3d 903 [2006]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Viewing the evidence in light of the elements of the crime as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We note that the certificate of conviction in appeal No. 1 incorrectly reflects that defendant was acquitted of promoting prison contraband in the first degree (Penal Law § 205.25 [1]), and it must therefore be amended to reflect that a mistrial without prejudice was granted on that count (see People v Gause, 46 AD3d 1332, 1333 [4th Dept 2007], lv dismissed 10 NY3d 811 [2008]).
In appeal No. 2, defendant correctly concedes that he failed to preserve for our review his challenge to the voluntariness of his admission to the violation of probation because he "did not move on that ground either to withdraw his admission . . . or to vacate the judgment revoking his sentence of probation" (People v Spangenberg, 118 AD3d 1444, 1444 [4th Dept 2014], lv denied 24 NY3d 965 [2014]; see People v Carncross, 48 AD3d 1187, 1187 [4th Dept 2008], lv dismissed 10 NY3d 932 [2008], lv denied 11 NY3d 830 [2008]). Moreover, the narrow exception to the preservation rule does not apply because defendant did not say anything during [*2]the admission colloquy that "cast[ ] significant doubt upon [his] guilt or otherwise call[ed] into question the voluntariness of the [admission]" (People v Lopez, 71 NY2d 662, 666 [1988]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see People v Carlisle, 120 AD3d 1607, 1608 [4th Dept 2014], lv denied 24 NY3d 1082 [4th Dept 2014]).
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court