People v Redar (2021 NY Slip Op 03971)





People v Redar


2021 NY Slip Op 03971


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


626 KA 18-00271

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JONATHAN K. REDAR, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a resentence of the Ontario County Court (Frederick G. Reed, A.J.), rendered February 16, 2017. Defendant was resentenced upon his conviction of, inter alia, criminal sale of a controlled substance in the fifth degree. 
It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.
Memorandum: In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and, in appeal No. 1, he appeals from the resentence on that conviction. We note at the outset that, inasmuch as the sentence in appeal No. 2 was superseded by the resentence in appeal No. 1, the appeal from the judgment in appeal No. 2 insofar as it imposed sentence must be dismissed (see People v Smith, 187 AD3d 1652, 1656 [4th Dept 2020], lv denied 36 NY3d 1054 [2021]; People v Habberfield, 187 AD3d 1673, 1673 [4th Dept 2020], lv denied 36 NY3d 973 [2020]). We otherwise affirm the judgment in appeal No. 2 and affirm the resentence in appeal No. 1.
Defendant failed to preserve for our review his contention in appeal No. 2 that his plea was not knowingly, intelligently, and voluntarily entered inasmuch as he did not move to withdraw his plea or to vacate the judgment of conviction pursuant to CPL article 440 (see People v Sheppard, 149 AD3d 1569, 1569 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]). Contrary to defendant's contention, this case does not fall within the rare exception to the preservation doctrine (see People v Lopez, 71 NY2d 662, 666 [1988]; Sheppard, 149 AD3d at 1569). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; People v Carlisle, 120 AD3d 1607, 1608 [4th Dept 2014], lv denied 24 NY3d 1082 [2014]).
Defendant's further contention in appeal No. 2 that he was denied effective assistance of counsel does not survive his guilty plea because he "failed to allege that he would have proceeded to trial absent counsel's alleged deficiencies and does not explain how those alleged deficiencies impacted his decision to enter a guilty plea" (People v Yates, 173 AD3d 1849, 1850 [4th Dept 2019]; see generally People v Hernandez, 22 NY3d 972, 975 [2013], cert denied 572 US 1070 [2014]).
Finally, in appeal No. 1, we conclude that the resentence is not unduly harsh or severe.
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court