People v Creecy (2022 NY Slip Op 51135(U))

[*1]

People v Creecy (Channing)

2022 NY Slip Op 51135(U) [77 Misc 3d 127(A)]

Decided on September 29, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 29, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, TIMOTHY
S. DRISCOLL, JJ

2020-1004 W CR

The People of the State of New
York, Respondent,
against
Channing Creecy, Appellant. 

Stewart A. McMillan, for appellant.
Westchester County District Attorney (Jill Oziemblewski and Raffaelina Gianfrancesco
of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Mamaroneck,
Westchester County (Ronald W. Meister, J.), rendered December 7, 2020. The judgment
convicted defendant, after a nonjury trial, of harassment in the second degree, and
imposed sentence. The appeal from the judgment of conviction brings up for review an
order of that court dated January 6, 2020 granting the People's motion to vacate an
adjournment in contemplation of dismissal and to restore the case to the trial
calendar.

ORDERED that the judgment of conviction is affirmed.
In a superseding information, defendant was charged with harassment in the second
degree (Penal Law § 240.26 [1]) for threatening his then-wife with physical contact.
On April 15, 2019, the Justice Court granted defendant an adjournment in contemplation
of dismissal (ACD) pursuant to CPL 170.55. On June 17, 2019, the People moved to
vacate the ACD and restore the case to the trial calendar based upon defendant's alleged
failure to comply with a condition of the ACD. By order dated January 6, 2020, the court
(Ronald W. Meister, J.) granted the People's motion. Thereafter, the matter proceeded to
a nonjury trial, and defendant was convicted of harassment in the second degree (Penal
Law § 240.26 [1]).
Contrary to defendant's contention, we find that the Justice Court did not err in
granting the People's timely motion to restore defendant's case to the calendar upon its
determination that dismissal of the superseding information would not be in furtherance
of justice (see CPL 170.55 [2]; 530.11 [1]; People v Prokopienko, 72 AD3d 1528 [2010]; cf.
People v Carter, 33 Misc 3d
14, 16 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]).
Defendant's challenge to the legal sufficiency of the evidence is unpreserved for
appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v
Hines, 97 NY2d 56, 61 [2001]). In any event, viewing the evidence in the light most
favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find
that the proof was legally sufficient to establish defendant's guilt of harassment in the
second degree beyond a reasonable doubt (see People v Sullivan, 27 Misc 3d 134[A], 2010 NY Slip
Op 50749[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]).
Accordingly, the judgment of conviction is affirmed.
EMERSON, J.P., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 29,
2022